**Richard SANCHEZ, Appellant,**

v.

**Lloyd W. JARY, Appellee.**

**No. 04–87–00417–CV.**

Court of Appeals of Texas, San Antonio.

April 12, 1989.

J. Anthony Guajardo, San Antonio, for appellant.

Robert E. Etlinger, Luther H. Soules, III, Soules & Wallace, San Antonio, for appellee.

Before PEEPLES, BIERY and CARR, JJ.

ON APPELLEE'S MOTION FOR RE-HEARING EN BANC AND APPEL-LEE'S MOTION FOR REHEARING

CARR, Justice.

This court's opinion of December 14, 1988 is withdrawn and the following opinion is substituted therefor.

This is an appeal from a judgment in a suit for an alleged breach of a post-partner-ship dissolution agreement and for contribution for the net-losses suffered by the partnership during its term.

In February, 1977, appellant, Richard Sanchez, and appellee, Lloyd W. Jary, orally agreed to enter into a partnership as an architectural firm. They agreed to share in the profits and losses on a fifty-fifty basis for the duration of the partnership. This business arrangement continued until September 30, 1981, at which time the partnership was terminated. A post-partnership dissolution agreement was drafted but was never signed by appellee. The post-partnership agreement provided for the distribution between the parties of fees that were to be collected by appellant for certain projects that were pending during the partnership but completed after the dissolution of the partnership. Appellee sued appellant for breach of the post-partnership dissolution agreement seeking his share of the fees collected by appellant for jobs completed after the dissolution of the partnership. Appellee also sought contribution from appellant for losses suffered by the partnership during its existence. Appellant answered by a general denial and a counterclaim for an accounting alleging various acts of wrongdoing by appellee during the term of the partnership in violation of the Uniform Partnership Act, TEX. REV.CIV.STAT.ANN. art. 6132b, §§ 19, 20, 21, and 22 (Vernon 1970) and that any indebtedness existing prior to the partnership is barred by the Statute of Frauds.

An auditor was appointed by the Court to prepare a report accounting for all the business of the partnership during the years of its existence. The record shows that the auditor's report, supplemental report, and verification were filed on April 13, 1987. The auditor, in his report filed with the court, concluded that appellant's contribution to the losses incurred by the partnership during the years of its existence was $15,948.00. No exceptions to the auditor's report or any items contained therein were filed by appellant with the court.

Prior to trial the trial court granted appellee's motion in limine declaring inadmis-

sible as evidence "any evidence, documentary or otherwise, attempting to show commingling or diversion of partnership assets and failure to maintain proper records and accounts of the business allegedly committed by plaintiffs (appellant)." The court then granted a partial summary judgment in favor of appellee and against appellant for the sum of $15,948.00. During the jury trial the court refused to permit appellant to introduce any evidence of appellee's alleged failure to keep separate and accurate accounts of his personal bills and debts and of the partnership bills and debts; refused to permit evidence of appellee's alleged conversion of partnership funds; refused to permit evidence of appellee's alleged failure to make a final accounting and a complete disclosure and division of the partnership funds and property at the termination of the partnership; refused to permit evidence of appellee's alleged failure to disclose to appellant the financial status of the partnership during the existence of the partnership; and refused to permit evidence of appellee's alleged misrepresentations, breach of fiduciary duty, breach of trust, and self-dealings; all of which had been alleged by appellant in his trial pleadings.

At the close of the evidence the trial court refused to submit appellant's timely offered jury issues concerning the alleged misrepresentations, breach of fiduciary duty, breach of trust, and self-dealings alleged in appellant's trial pleadings. The issues finally submitted to the jury concerned the post-partnership era and attorney's fees. The jury found that the parties did not enter into a post-partnership dissolution agreement to split fees; that appellant collected $38,386.49 in fees after September 10, 1981 (the dissolution date) on projects that the partnership had obtained prior to that date and that appellee had collected no such fees; and that appellant and appellee were each entitled to attorney's fees.

Appellant's motion for judgment n.o.v. was denied by the trial court. The trial court entered judgment based upon the partial summary judgment in favor of appellee and against appellant in the sum of $15,948.00, pre-judgment interest in the sum of $4,330.85, attorney's fees and costs, including the cost of the auditor's services. Appellant's motion for new trial was overruled resulting in this appeal.

■ The basic issue raised by appellant's points of error one through seven and ten through seventeen is whether the trial court was correct in its application of the mandates of former TEX.R.CIV.P. 172 when it granted appellee's motion in limine and when it refused to allow appellant to introduce testimony contradictory to the court appointed auditor's report.

Former Rule 172, which was in effect at the time this case was tried, reads in pertinent parts, as follows:

> When an investigation of accounts or examination of vouchers appears necessary for the purpose of justice between the parties to any suit, the court shall appoint an auditor or auditors to state the accounts between the parties and to make report thereof to the court as soon as possible. . . . Said report shall be admitted in evidence, but may be contradicted by evidence from either party where exceptions to such report or any item thereof have been filed before the trial. The court shall award reasonable compensation to such auditor to be taxed as costs of suit.

Former Rule 172 clearly mandates that a court appointed auditor's report or any portion thereof can be contradicted if exceptions are filed thereto prior to trial. It is well settled that if neither side excepts to the report it is admitted in evidence and is conclusive as to the matters covered thereby. Either party, however, has a right to specially object to any item or items allowed or disallowed by the auditor and, if fact issues are raised thereby, to have a jury verdict thereon in response to evidence adduced. *Boggs v. State*, 46 Tex. 10 (1876), *Hillman v. Hillman*, 138 Tex. 111, 157 S.W.2d 143, 145 (Tex.Comm'n App.1941, opinion adopted), *Villiers v. Republic Financial Services, Inc.*, 602 S.W.2d 566, 570 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.).

Appellant contends that the trial court erred in sustaining appellee's motion in limine, in refusing to permit him to introduce evidence in support of his cross-action, in granting partial summary judgment based on the auditor's report, and in refusing to submit his proposed issues to the jury. In support of his contention, appellant avers that exceptions to the auditor's report were effectively raised as contemplated by former Rule 172 in his trial pleadings, particularly his cross-action, and refers us to *Hillman, supra.*

Appellant's reliance on *Hillman* is misplaced. In *Hillman,* the trial court, over the defendant's objection that no objections or exceptions were filed by plaintiffs to the auditor's report before trial, permitted the plaintiffs to introduce testimony challenging the correctness of the auditor's report as pleaded in plaintiff's first supplemental petition. The Commission in *Hillman* noted that the auditor's report was filed with the trial court on November 8, 1938, and that plaintiffs filed their first supplemental petition in which they attacked the auditor's report as to certain specific findings contained therein on November 21, 1938, which was 13 days after the report was filed and one day prior to trial of the case on its merits. The Commission held that "exceptions to the auditor's report were as effectively raised by defendants in error (plaintiffs) in their first supplemental petition as if they had been incorporated in an instrument specifically and perhaps more formally designated as 'exceptions to the auditor's report.'" The Commission upheld the trial court and the Court of Appeals in permitting plaintiffs to offer testimony to the auditor's report in line with the exceptions contained in their first supplemental petition. The Commission further stated that if former article 2292, the predecessor to former Rule 172, were not to be so construed, "it would substitute form for substance." *Hillman,* 157 S.W.2d at 144. In the case before us there are no pleadings filed by appellant subsequent to the filing of the verified auditor's report and supplemental report for us to determine whether or not any exceptions to the auditor's report were embodied therein.

Accordingly, we conclude that appellant failed to comply with the exceptions provisions of former Rule 172 and hold that the trial court was correct in its actions. Appellant's points of error one through seven and ten through seventeen are overruled.

■ Appellant's point of error nine complains of the trial court's failure to award attorney's fees to him. At the outset we note that appellant presents no argument or authorities in his briefs in support of point of error nine. Accordingly we hold that appellant has presented nothing for review and overrule his point of error nine.

■ Appellant's point of error eight complains of the trial court's award of attorney's fees to appellee.

Rule 93 of the Texas Rules of Civil Procedure clearly and specifically requires a verified pleading:

> That notice and proof of loss or claim for damage has not been given as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity. TEX.R.CIV.P. 93(12) (Vernon 1988).

Rule 93 does not require that appellee prove notice was given, rather it requires only that appellee allege that notice was given. Once appellee alleged notice was given, Rule 93 was triggered. Lack of a verified denial by appellant dispensed with the necessity of appellee's proof of notice. *See City of Houston v. Flanagan,* 446 S.W.2d 348 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

A review of the record shows that appellee alleged notice and appellant never filed a verified denial of notice.

This court has held that any alleged error for failure to give notice could not be considered due to the failure to comply with the requirement of Rule 93. *Aetna Casualty & Surety Co. v. Moss,* 336 S.W.2d 748 (Tex.Civ.App.—San Antonio 1960, no writ).

Appellant never having filed a verified denial of notice has waived any complaint

on appeal. *City of Galveston v. Shu*, 607 S.W.2d 942 (Tex.Civ.App.—Houston 1980, no writ). Appellant's point of error number eight is overruled.

The judgment is affirmed.