Richard Waller BURNS, Appellant,

v.

Waller Thomas BURNS II and Theo W. Pinson, III, Dependent Administrator of the Estate of Dorothy Jane Burns, Deceased, Appellees.

No. 04–98–00191–CV.

Court of Appeals of Texas, San Antonio.

May 12, 1999.

Rehearing Overruled July 6, 1999.

James P. Barnett, Jr., James P. Barnett, Jr. & Associates, P.C., Houston, for appellant.

Theo W. Pinson, Pinson & Associates, P.C., Houston, Steven A. Fleckman, Brian L. Burgess, Fleckman & McFlynn, P.L.L.C., Austin, for appellee.

Before PHIL HARDBERGER, Chief Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Richard Waller Burns appeals the trial court's grant of summary judgment in favor of his brother, Waller Thomas Burns, II, and Theo Pinson, as Dependent Administrator of the Estate of Dorothy Jane Burns. In two points of error, Richard Waller Burns argues that the trial court erred in granting summary judgment because the trial court lacked subject matter jurisdiction, or, alternatively, that a genuine issue of material fact exists as to his liability. We reverse the trial court's judgment and render judgment in part and remand in part.

## I.

Richard Faires Burns (Burns) died in 1987, leaving three children: Richard Waller Burns (Dick), Waller Thomas Burns II(Tom), and Dorothy Jane Burns (Dorothy). Burns' will was admitted to probate in 1987 in Probate Court No. 4 in Harris County, Burns' residence at his death. Burns' will appointed Dick and Tom as co-independent executors, and devised the entirety of his estate to his three children in equal shares.

Dorothy died on August 26, 1992. Her will was admitted to probate in the county court in Kerr County, her residence at the time of her death. Dorothy's will appointed Dick and Tom as co-independent executors, and, with the exception of three specific bequests, devised the remainder of her estate to her two brothers in equal shares. On January 6, 1993, Tom resigned as a co-executor of Dorothy's Estate.

On July 28, 1995, Tom brought suit in county court in Kerr County seeking to have Dick removed as executor of Dorothy's Estate; for an accounting of Dorothy's Estate pursuant to Texas Probate Code section 149A, or, alternatively, an audit under Rule 172; damages assessed against Dick arising out of a breach of fiduciary duty, conversion, and fraudulent transfer of assets; and a claim of money had and received. The county court, *sua sponte*, transferred the action to the district court in Kerr County in accordance with section 5(b) of the Texas Probate Code.

Dick voluntarily resigned as administrator of Dorothy's Estate on June 18, 1996, and Theo W. Pinson III (Pinson) was appointed as the Dependent Administrator of Dorothy's Estate. Pinson filed a plea in intervention in Tom's suit, seeking an accounting and a judgment against Dick on grounds of conversion.

The trial court entered an Order Recognizing Resignation of Executor, Appointing Dependent Administration with Will Annexed and Providing for an Audit in June 1996, and subsequently appointed an auditor. The Order provided that the

accountant so appointed (the "Auditor") shall, upon consent to the engagement, promptly conduct an audit of the Estate (the "Audit") that is sufficient to advise the Court, to the extent reasonably feasible, as to (i) the sources of cash and other assets belonging to the Estate from the date of its inception to the present, (ii) the known liabilities of the Estate, (iii) the extent to which assets belonging to the Estate may have been diverted to improper purposes or to persons not lawfully entitled to such distributions, (iv) the nature and identity of

assets presently held by or for the Estate, (v) the identity of the financial accounts in which the monies and securities of the Estate are presently held, and the custodians thereof; and in conducting such audit the Auditor shall take into account financial arrangements of the parties, or either of them, with related persons and affiliates.

The accountants reviewed three bank accounts: Compass Bank account number 70537648, held in the name of the Estate of Dorothy Jane Burns; Compass Bank account number 188–654, held in the name of the Estate of Richard Faires Burns; and Charter Bank account number 767–573, held in the name of the Estate of Richard Faires Burns. In their final report to the trial court, the accountants concluded that out of the total funds disbursed from each account, Dick had overpaid himself out of each of the three accounts, underpaid Tom and Dorothy out of the Burns accounts, and underpaid Tom out of Dorothy's Estate account. The accountants based this conclusion on the assumption that Dick, Tom and Dorothy, and, thus, Dorothy's Estate, were entitled to three equal shares of the Burns' Estate accounts, and Tom and Dick were entitled to co-equal shares from Dorothy's Estate account. The report breaks down the disbursements by party and by amount from each of the three accounts.

Dick did not file objections or exceptions to the accountants' report. Tom and Pinson moved for summary judgment on their claims, relying on the accountants' report. Dick responded by claiming that the trial court lacked subject matter jurisdiction over Burns' Estate, and argued that the report did not comport with the requirements of Rule 172. Dick did not challenge the substantive contents of the report.

Upon hearing on the motion for summary judgment, the trial court found the accountants' report, in the absence of objection or exception by Dick, to be conclusive evidence of Dick's liability under Texas Rule of Civil Procedure 172 and Texas Rule of Evidence 706. The trial court entered summary judgment in favor of Tom in the amount of $330,161.33,[1] in favor of Pinson as Dependent Administrator of Dorothy's Estate in the amount of $347,705.33,[2] and taxed the costs of the accountants against Dick in the amount of $15,754.

Dick filed a motion for new trial, which the trial court denied. Dick appeals.

## II.

In two points of error, Dick argues that the trial court erred in granting summary judgment: 1) because the trial court lacked subject matter jurisdiction since the claim is incident to the Estate of Richard Faires Burns, the parties' father, which was already pending in Harris County; and 2) that, alternatively, there is either no evidence of his liability, or a genuine issue of material fact as to his liability.

### A. STANDING

■ The executor or administrator of the decedent's estate generally has the exclusive right to bring suit for the recovery of real and personal property belonging to the estate. *See* TEX. PROB.CODE ANN. § 233A (Vernon Supp.1999); *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801, 806 (1956). Unless it appears that the personal representative will not or cannot act, or that his interest is antagonistic to that of the heirs desiring to sue, heirs are not entitled to maintain a suit for the recovery of property belonging to the estate while administration is pending. *Chandler*, 294 S.W.2d at 806; *Glover v. Landes*, 530

---

1. The amount awarded to Tom represents $8,773.00 from disproportionate disbursements from Dorothy's Estate account and $321,388.33 from disproportionate disbursements from Burns' Estate accounts.

2. The amount awarded to Pinson represents entirely amounts found to be wrongful disbursements from Burns' Estate accounts. Pinson did not pursue a claim on behalf of Dorothy's Estate.

S.W.2d 910, 911 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

 Tom brought suit to remove Dick as executor of Dorothy's Estate and to recover funds he alleges Dick misappropriated. Because he was making a claim against the executor of the Estate, Tom initially had standing to bring suit, *on behalf of the Estate,* in a court of competent jurisdiction.[3] Tom had standing because Dick, as personal representative, was not likely to bring suit against himself on behalf of Dorothy's Estate. Once Pinson was appointed Dependent Administrator of Dorothy's Estate after Dick resigned, Pinson stepped into Tom's shoes by intervening in the litigation and the right to pursue claims on behalf of Dorothy's Estate vested in Pinson. Because Tom and Pinson's interests are not antagonistic, only Pinson has standing to pursue Dorothy's Estate's claim. Although Tom sought to recover in his individual capacity from Dick in his individual capacity, the nature of his claim is that of a beneficiary seeking to recover from an estate for wrongful distribution. Tom has no individual claim for relief, and he was divested of his standing to pursue a claim on behalf of Dorothy's Estate from the time Pinson was appointed.

**B. SUBJECT MATTER JURISDICTION**

Dick argues that the trial court improperly exercised jurisdiction over Burns' Estate when it ordered an accounting or audit of accounts held in the name of the Estate of Richard Faires Burns and entered judgment based on that accounting. Dick contends that the probate court in Harris County, where Burns' Estate was already pending, was the only court of competent jurisdiction to order an accounting or audit of Burns' Estate or enter judgment based on Burns' Estate funds.[4] Tom and Pinson reply that, as to Pinson's claim, the trial court's exercise of jurisdiction was proper because Pinson's claim was a claim by a personal representative in his representative capacity under section 5A of the Texas Probate Code.

In Texas, there are overlapping grants of probate jurisdiction. *See* TEX. CONST. art. V, § 8; TEX. PROB.CODE ANN. § 5(c) (Vernon Supp.1999); TEX. PROB.CODE ANN. § 5(e) (Vernon Supp.1999); TEX. PROB. CODE ANN. § 5A(b) (Vernon Supp.1999). In counties where there is a statutory probate court, county court at law, or oth-

---

**3.** Tom and Pinson seek to posture this case as one of conversion, and not a suit "incident to an estate." We reject this posturing. Implicit in Tom and Pinson's argument is that Dorothy's Estate and Tom are entitled to disbursements in a certain amount from the Burns Estate. This necessarily requires a determination of ownership interests, and involves the distribution of Burns' Estate. As well, Dick did not receive these excess funds in a vacuum: he paid them to himself as executor of Burns' Estate, even after he may have lacked the authority to do so. To the extent they relate to the two Burns Estate accounts, Tom and Pinson's claims are inexorably intertwined with Burns' Estate, and their argument is nothing more than Tom and Dorothy's Estate were entitled to distributions from Burns' Estate in greater shares than they received because Dick took more than his share.

To the extent Tom or Pinson have any claim of right, it is by virtue of their relative positions as a beneficiary under a will and as a dependent administrator of a will. Both claims are necessarily claims arising out of and related to the probate of the two wills at question, and are, at their core, claims of wrongful distribution of estate assets. Pinson and Tom cannot circumvent the probate process by seeking to directly recover the funds from the person who happens to now be in possession of the purportedly converted funds. To do so would be to usurp the role and authority of the Harris County probate court.

**4.** Dick makes much of the fact that Dorothy was alive during the majority of the time frame covered by the accountants' review of these Burns Estate accounts. Because we find that the Kerr County court lacked jurisdiction over these claims, we do not reach this issue. However, Dick's argument nonetheless lacks merit. If Dick was misappropriating Burns Estate funds to which Dorothy would or might have been entitled during her lifetime, her Estate is entitled to pursue this claim on her behalf.

er statutory court exercising the jurisdiction of a probate court, all matters regarding probate and administrations shall be filed and heard in such courts rather than the district courts. TEX. PROB.CODE ANN. § 5(c) (Vernon Supp.1999).

A statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as a personal representative. TEX. PROB.CODE ANN. § 5(d) (Vernon Supp.1999); TEX. PROB.CODE ANN. § 5A(c)(1) (Vernon Supp.1999). A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy. TEX. PROB.CODE ANN. § 5A(d) (Vernon Supp. 1999).[5]

All statutory probate courts may, in the exercise of their jurisdiction, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor. TEX. PROB.CODE ANN. § 5(e) (Vernon Supp.1999). All such suits, actions, and applications appertaining to and are incident to an estate. *Id.* An action incident to an estate is one in which the outcome will have direct bearing on collecting, assimilating, or distributing the decedent's estate. *English v. Cobb*, 593 S.W.2d 674, 676 (Tex. 1979). Suits incident to an estate include those seeking to recover possession of or collect damages for the conversion of property. *Lucik v. Taylor*, 596 S.W.2d 514, 516 (Tex.1980).

■ Where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action incident to an estate shall be brought in a statutory probate court rather than in the district court. TEX. PROB.CODE ANN. § 5(c) (Vernon Supp.1999). If an administration is already pending in one court properly exercising probate jurisdiction when a subsequent suit is filed in the district court,

the jurisdiction of the original probate court is dominant. *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 586 (Tex.1993); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *see Carlisle v. Bennett*, 801 S.W.2d 589, 592 (Tex.App.— Corpus Christi 1990, no writ); *Pullen v. Swanson*, 667 S.W.2d 359, 362 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ The Kerr County court is a court of competent jurisdiction to hear claims relating to Dorothy's Estate account. However, the Harris County probate court has dominant jurisdiction over the claims relating to Burns' Estate accounts. The Kerr County district court's exercise of jurisdiction over these claims was improper. The claims arising out of the Burns Estate accounts are incident to the Burns Estate and should have been brought in the Harris County Probate Court No. 4 to the exclusion of the Kerr County district court. *See* TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp.1999). Since administration of the Burns Estate was already pending in the Harris County probate court when Tom's suit was subsequently filed, the jurisdiction of the Harris County probate court, as the first court exercising probate jurisdiction, is dominant. *See Bailey*, 862 S.W.2d at 586. To the extent it relates to Burns' Estate accounts, we reverse the trial court's judgment and dismiss Tom and Pinson's claims without prejudice for want of subject matter jurisdiction. *See Bailey*, 862 S.W.2d at 586. Such a disposition does not prejudice Pinson's right to present Dorothy's Estate's claim relating to Burns' Estate accounts in Harris County Probate Court No. 4, where it appears litigation is or has been pending. *See id.*

■ Both Pinson and Tom argue that they should not have to litigate their claim of mis-distribution of Dorothy's Estate account in Kerr County, and then their claim of mis-distribution of Burns' Estate in Harris County. They have no choice. Neither the Harris County nor the Kerr

---

**5.** Subsections (c) and (d) of section 5A apply regardless of whether the matter is appertaining to or incident to an estate. TEX. PROB.CODE ANN. § 5A(e) (Vernon Supp.1999).

County court has sufficient statutory jurisdiction to adjudicate the entirety of the claims raised.[6] The proper method for recovering these funds is for the administrator of each respective Estate to bring suit against Dick in a court (or, as here, courts) of competent jurisdiction, seeking to recover the misappropriated funds on behalf of the Estates.[7] Once the funds have been recovered by the Estates and once all of the proper debts of the Estates have been paid, the remaining funds will then available for distribution to the beneficiaries of each respective will in accordance with its terms in the due order of probate.[8] *See* TEX. PROB.CODE ANN. § 37 (Vernon Supp.1999).

## C. SUMMARY JUDGMENT EVIDENCE

■ Having found that the Kerr County court does have subject matter jurisdiction over the claims to the extent they relate to Dorothy's Estate account, we must determine whether summary judgment was properly granted in favor of Tom on the claims relating to Dorothy's Estate account. Dick argues that the grant of summary judgment was improper because the accountants' report is no evidence of his liability for breach of fiduciary duty, conversion, or forgery.[9] Tom and Pinson reply that the report was conclusive on the issue of liability because Dick failed to register objections or exceptions to the report within the period prescribed by the Rules and that Dick failed to bring forth

any controverting evidence or provide the accountants with requested files and information.

When reviewing the grant of a summary judgment, we follow these well-established rules: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997) (citing *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985)).

■ Rule 172 provides that a court appointed auditor's report or any portion thereof can be contradicted if a party files exceptions thereto prior to trial. *Sanchez v. Jary*, 768 S.W.2d 933, 935 (Tex.App.— San Antonio 1989, no writ). If neither side excepts to the report, it is admitted in evidence and is conclusive as to the matters it covers. *Id.*

The report was the only evidence introduced in support of Tom and Pinson's motion for summary judgment. While the accountants' report may be conclusive evidence that funds were paid out of Doro-

---

6. Tom and Pinson argue that the interests of judicial economy and public policy are furthered by avoiding a multiplicity of suits and a resolution in one suit of all matters existing between parties. *See Harkins*, 907 S.W.2d at 57. Although judicial economy may be furthered by this argument, judicial economy cannot confer subject matter jurisdiction.

7. In their brief, Tom and Pinson state that they did bring suit in the Harris County Probate Court against Dick in his representative capacity, seeking to have him removed as the Independent Executor of the Burns Estate, as well as claiming that Dick breached his fiduciary duties as Executor. It appears that Pinson is now the dependent administrator of both Burns' Estate and Dorothy's Estate.

8. Although not directly relevant to the issue before us, the record reveals that Burns' Estate was beset with tax liability in the amount of $1.2 million dollars. This alone is sufficient to raise the issue that the amounts Dick distributed may not have been available to any beneficiary, whether it be Dick, Tom or Dorothy.

9. Dick also attacks the report by claiming he was not on notice that the report was conducted pursuant to Rule of Civil Procedure 172 and that it did not meet the requirements of an "audit." These claims are meritless.

thy's Estate in disproportionate shares, it does not establish as a matter of law that the unequal distributions were wrongful or that Tom or Dorothy's Estate is entitled to a redistribution of the distributed funds. Pinson did not present a claim on behalf of Dorothy's Estate as it related to Dorothy's Estate account, so the trial court only entered judgment in favor of Tom individually. We reverse the trial court's granting of summary judgment to the extent it affects funds paid out of Dorothy's Estate and remand for disposition on the merits as to these funds.[10]

### D. ACCOUNTANTS' FEES

At the time the accountants filed their report, they were paid out of Dorothy's Estate funds deposited in the registry of the trial court. The trial court assessed the cost of the accountants' report against Dick. Under Rule 172, the trial court had the discretion to assess the fees against Dick, and, generally, such assessment would not have been an abuse of discretion in light of the trial court's entry of judgment against him. However, since the trial court lacked subject matter jurisdiction over the bulk of the claims the accountants reviewed, and summary judgment was improper as to the remaining claim the trial court was competent to adjudicate, Dick should not bear the cost for the accountants' report. We reverse the trial court's assessment of the accountants' fees against Dick.

### III.

We reverse the summary judgment entered below. Because the trial court was without subject matter jurisdiction to hear Tom and Pinson's claims to recover funds paid out of Burns' Estate or grant them the relief they requested, we render judgment that Tom and Pinson's claims be dismissed without prejudice for want of

subject matter jurisdiction to the extent they pertain to funds from Burns' Estate accounts. We remand to the Kerr County district court for a disposition on the merits regarding the distribution of funds from Dorothy's Estate account. We reverse the trial court's assessment of the accountants' fees against Dick and render judgment that Dorothy's Estate bear the cost of the accountants' report.

---

10. We reiterate that Tom lacks standing to pursue this claim individually. Pinson alone has the right to go forward to recover these funds on behalf of Dorothy's Estate. Once the funds have been recovered by Dorothy's Estate, if recovery is warranted, they will be available for distribution to Tom in the due order of probate.