**Holden WALLACE and Holden Wallace, Inc., Appellants,**

v.

**Ralph RAMON and Diana Ramon, Appellees.**

No. 04–01–00461–CV.

Court of Appeals of Texas,
San Antonio.

May 1, 2002.

Adam Poncio, Valerie L. Mawi, Cerda & Poncio, P.C., San Antonio, for Appellant.

Rogelio F. Munoz, Uvalde, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Holden Wallace and Holden Wallace, Inc. contend there is legally and factually

insufficient evidence to support the trial court's post-answer default judgment. We agree that there is legally insufficient evidence to support the judgment against Holden Wallace individually and therefore reverse this aspect of the trial court's judgment and render judgment in his favor. We further agree that the trial court erred in awarding interest at ten, rather than six percent and therefore reform the trial court's award of prejudgment interest. In all other respects, the trial court's judgment is affirmed.

### Factual and Procedural Background

The Ramons sued Wallace, alleging that he had refused to pay them for their labor. Wallace filed an answer but did not appear at trial. The only evidence introduced at trial was the testimony of Ralph Ramon. Ramon testified as follows:

Q: Your name is Ralph Ramon?

A: Yes, it is.

Q: And you and your wife Diana Ramon are the owners of RD or R & D Produce?

A: Yes.

Q: You are a labor contractor and you harvest vegetables and crops in this area?

A: Yes.

Q: And did your wife and your company and you perform labor for Holden Wallace and Holden Wallace, Inc.?

A: Yes.

Q: Did that involve the picking of some onions and cabbage?

A: That's correct.

Q: As a result of that, did he owe you the sum of $23,847.78?

A: Yes.

Q: And has that money been paid?

A: No.

Q: Is it still owing?

A: It is still owing. It has not been paid.

Following the hearing, the trial court signed a default judgment awarding the Ramons $23,847.78 in damages, $10,000 in attorney's fees, pre- and postjudgment interest, and costs. Wallace appealed.

### Standards of Review

■ "A post-answer 'default' constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial." *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). We therefore review Wallace's sufficiency complaints under the familiar standards of review. To determine whether there is legally sufficient evidence, we review "only the evidence and the inferences tending to support the [jury's] finding and disregard all evidence and inferences to the contrary." *E.g., Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge must fail. *See Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987). Conversely, to determine whether there is factually sufficient evidence to support a jury finding, we review the entire record to determine if the finding "is so against the great weight and preponderance of the evidence as to be manifestly unjust." *E.g., Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). *See generally* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 361 (1960). We apply these standards, however, cognizant of the supreme court's admonition that "[m]ere formalities, minor defects and technical insufficiencies will not invalidate a default judgment where the petition

states a cause of action and gives 'fair notice' to the opposing party of the relief sought." *Stoner*, 578 S.W.2d at 683.

### BREACH OF CONTRACT

Wallace first argues there is legally and factually insufficient evidence of a breach of contract. We disagree. Wallace fails to consider the reasonable inferences flowing from Ramon's testimony.

■ To recover for a breach of contract, the plaintiff must establish: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach." *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 235 (Tex.App.-San Antonio 2001, no pet.).

■ As Holden recognizes in his brief to this court, the Ramons' petition quite plainly gives fair notice of their breach of contract claim for $23,847.78. Ramon's testimony—and the reasonable inferences therefrom—establish Ramon and his wife promised to harvest produce for Wallace; in exchange for the Ramons' labor, Wallace agreed to pay Ramon $23,847.78; the Ramons picked the produce; Wallace breached the contract by failing to pay the sum due; and as a result of the breach the Ramons were damaged in the amount of $23,847.78. Ramon's testimony thus establishes the verbal contract, performance by the Ramons, breach by Holden Wallace and Holden Wallace, Inc., and damage to the Ramons. No more is required. *See, e.g., Jones v. Star Houston, Inc.*, 45 S.W.3d 350, 354 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (holding evidence was "sufficient to implicate the existence of a contract").

### INDIVIDUAL LIABILITY

Wallace next argues there is legally and factually insufficient evidence to hold him individually liable, because Ramon "did not define the capacity in which Holden Wallace entered into the alleged contract or otherwise produce any proof that Holden Wallace intended to be bound individually to the agreement." We agree.

■ The corporate fiction is properly disregarded: "(1) when the fiction is used as a means of perpetrating fraud; (2) where a corporation is organized and operated as a mere tool or business conduit of another corporation; (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation; (4) where the corporate fiction is employed to achieve or perpetrate monopoly; (5) where the corporate fiction is used to circumvent a statute; and (6) where the corporate fiction is relied upon as a protection of crime or to justify wrong." *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986).

This record does not contain a sufficient pleading, evidence, or finding sufficient to support an award against Wallace in his individual capacity. *See id.*

### ATTORNEY'S FEES

Wallace next argues the evidence is insufficient to support the trial court's award of attorney's fees. We again disagree.

The Ramons' petition states:

Plaintiffs presented the claims to defendants more than 30 days before filing this action, but the claim was not paid. Consequently, plaintiffs were compelled to employ an attorney to collect the claim, and for that purpose has [sic] retained the services of Rogelio F. Muñoz for which plaintiffs have agreed to pay attorneys [sic] fees. Plaintiffs are entitled to recover attorneys [sic] fees under section 38.001 of the Texas Civil Practice and Remedies Code.

Wallace did not file a verified pleading complaining of lack of presentment. At trial, the Ramons' attorney testified as follows:

My name is Rogelio Munoz and I'm a lawyer and I practice law in Uvalde County, Texas. I represent Ralph Ramon and Diana Ramon in this lawsuit that involves the collection of money that is owed to my client for labor performed for Holden Wallace and Holden Wallace, Inc. I am generally familiar with the reasonable costs and necessary costs of attorney's [sic], and the fees that would be necessary in connection with this type of a case.

I would state to the Court that based on my experience, and based on my knowledge of the case, and based on the work that I have performed, Your Honor, I believe the sum of ten thousand dollars is a reasonable and necessary amount for attorney's fees for the work that has been done in the prosecution of this case. That's all I have.

■ To recover an award of attorney's fees for breach of an oral contract under section 38.002 of the Texas Civil Practice and Remedies Code, the plaintiff must establish:

1. recovery of a valid claim on a written or oral contract;
2. representation by an attorney;
3. presentment of the claim to the opposing party; and
4. failure to pay the just amount owed within thirty days of presentment.

*Novosad v. Mid–Century Ins. Co.*, 881 S.W.2d 546, 552 (Tex.App.-San Antonio 1994, no writ); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 1986). Whether a party is entitled to recover attorney's fees is a question of law. *Holland v. Wal–Mart Stores*, 1 S.W.3d 91, 94 (Tex.1999).

The Ramons' attorney's testimony establishes he represented the Ramons and that $10,000 was a reasonable and necessary attorney's fee for the work he performed. Wallace argues, however, the Ramons' attorney's testimony fails to establish the existence of a valid contract. We agree. However, the existence of a valid contract was established by Ramon's testimony, as discussed above. Wallace also argues Ramon's attorney failed to establish presentment. However, this court has held that lack of a verified denial of presentment dispenses with the necessity to provide proof of notice. *Sanchez v. Jary*, 768 S.W.2d 933, 936 (Tex.App.-San Antonio 1989, no writ).

PREJUDGMENT INTEREST

Finally, Wallace argues there is insufficient evidence to support the trial court's award of prejudgment interest at the rate of ten percent. We agree.

■ "When no specified rate of interest is agreed on by the parties, interest at the rate of six percent per year is allowed on all accounts and contracts ascertaining the amount payable, beginning on the 30th day after the date on which the amount is due and payable." TEX. FIN.CODE ANN. § 302.002 (Vernon Supp.1998); *See Aquila Southwest Pipeline, Inc. v. Harmony Expl., Inc.*, 48 S.W.3d 225, 242–43 (Tex. App.-San Antonio 2001, pet. denied). This statutory rate of prejudgment interest applies if the "contract provide[s] the conditions upon which liability depends and . . . fix[es] 'a measure by which the sum payable can be ascertained with reasonable certainty.'" *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988).

Here, the parties' agreement provides the conditions upon which Wallace's liability depends and fixes the measure by which the damages could be and indeed were ascertained. Therefore, the trial court

erred in awarding prejudgment interest at the rate of ten, rather than six percent.

### CONCLUSION

Because the Ramons did not plead, prove, or obtain a finding sufficient to warrant piercing the corporate veil, we reverse the trial court's judgment against Holden Wallace individually and render judgment in his favor. We also reform the trial court's judgment to award prejudgment interest at the rate of six, rather than ten percent, as required by section 302.002 of the Texas Finance Code. As reformed, the trial court's judgment against Holden Wallace, Inc. is affirmed.

Dissenting opinion by: ALMA L. LÓPEZ, Justice.

Because I do not believe the evidence establishes all the elements of a valid contract, I respectfully dissent from the majority's opinion.

A binding contract is formed when the following elements are present: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See Buxani v. Nussbaum*, 940 S.W.2d 350, 352 (Tex.App.-San Antonio 1997, no writ); *Hallmark v. Hand*, 885 S.W.2d 471, 476 (Tex.App.-El Paso 1994, writ denied). Here, the testimony fails to establish all the elements of a binding contract. An offer is defined as the manifestation of the "willingness to enter into a bargain so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it." RESTATEMENT (SECOND) OF CONTRACTS § 24 (1981). Even when viewing Ralph Ramon's testimony in the light most favorable to the Ramons, there is no evidence that either party made an offer with respect to providing labor and whether such offer was ever accepted in strict compliance with its terms. *See Hyman Farm Serv., Inc. v. Earth Oil & Gas Co.*, 920 S.W.2d 452, 457 (Tex.App.-Amarillo 1996, no writ) (holding a valid contract regarding the payment of federal taxes by appellee did not exist where there was no evidence that either party made an offer with respect to the handling of taxes or that any offer was accepted). Accordingly, the Ramons failed to prove all the elements of a valid contract to support their claim for breach of contract.

For this reason, I would reverse the judgment of the trial court and in the interest of justice remand for a new trial for further development of the facts. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex.1992); *Thorp v. Adair & Myers*, 809 S.W.2d 306, 308 (Tex.App.-Houston [14th Dist.] 1991, no writ).