

**NUMBER 13-10-00172-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN FOUTZ, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, John Foutz, was charged with the offense of aggravated assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (Vernon Supp. 2009). Pursuant to a plea agreement, Foutz pleaded guilty to the offense and "true" to an enhancement paragraph contained in the indictment.[1] The trial court accepted Foutz's

---

[1] The enhancement paragraph contained in the indictment alleged that Foutz had been previously convicted of felony possession of a controlled substance on December 18, 2006. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2010).

pleas and sentenced him to eight years' incarceration; however, the sentence was suspended, and Foutz was placed on community supervision for eight years with a $1,000 fine.[2]

On February 2, 2010, the State filed a motion to revoke Foutz's community supervision, alleging that he had violated three conditions of his community supervision.[3] At a hearing conducted on February 16, 2010, Foutz pleaded "true" to all of the allegations contained in the motion to revoke, and the trial court subsequently sentenced Foutz to fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Foutz's right to appeal, and this appeal followed.[4] We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Foutz's court-appointed appellate counsel has filed a brief with this Court stating that her review of the record yielded no grounds or error upon which an appeal can be predicated in this case. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced in this appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112

---

[2] The trial court also concluded that Foutz had used a deadly weapon, though not a firearm, in the commission of the underlying offense. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2009).

[3] The State alleged that Foutz had failed to complete 800 hours of community service, failed to complete an anger management class, and failed to pay various fines and fees that had been court-ordered.

[4] This appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Foutz's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance in this appeal, (2) served a copy of the brief and counsel's motion to withdraw on Foutz, and (3) informed Foutz of his right to review the record and to file a pro se response.[5] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Foutz has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[5] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Foutz's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Foutz and advise him of his right to file a petition for discretionary review.[6] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
19th day of August, 2010.

---

[6] No substitute counsel will be appointed. Should Foutz wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.