Richard THORP, Appellant,

v.

ADAIR & MYERS, Appellee.

No. A14–89–01153–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 2, 1991.

Paul B. Rosen, Houston, for appellant.
James P. Barnett, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

JUNELL, Justice.

This is an appeal by writ of error from a judgment in favor of appellee, Adair & Myers, in a suit on a sworn account. Appellant brings six points of error. For the purpose of this appeal we find it necessary to address only appellant's second point of error. We reverse and remand the case for a new trial.

Appellee, a law firm, originally filed a petition in July of 1986, asserting a sworn account action against the appellant which alleged that the appellant owed the appellee over sixteen thousand dollars for legal services performed by the appellee. Appellant responded by filing a verified answer as is required under TEX.R.CIV.P. 93. Appellee filed a Motion for Summary Judgment which was denied by the trial court. The case subsequently proceeded to trial before the court on April 19, 1989. Neither appellant or his attorney of record was present at the trial.[1] The appellee presented evidence to the trial court and the trial court found in favor of appellee. The appellant, having learned of the judgment beyond the time allowed for the filing of a motion for new trial, brings this writ of error.

■ To prevail in a writ of error proceeding, the appealing party must show that the application for writ of error was filed within six months of the date of judgment by a party to the suit who did not participate in the trial, and that the error complained of is apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Tafollo v. Southwestern Bell Telephone*, 738 S.W.2d 306 (Tex.App.—Houston [14th Dist.] 1987, no writ); TEX. R.APP.P. 45. The appellant has satisfied these jurisdictional requirements.

In point of error number two appellant contends there was no evidence or insufficient evidence to support the judgment in favor of the appellee.

■ When "no evidence" and "insufficient evidence" points of error are raised on appeal, the appellate court must address the "no evidence" point first. *Glover v.*

*Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981).

■ In reviewing the legal sufficiency or "no evidence" points, the reviewing court must consider only the evidence and inferences, viewed in the most favorable light, that tend to support the finding, and must disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

In this case, the standard of review is followed by reviewing the entire statement of facts because the only evidence presented was evidence by the appellee. Neither the appellant nor his counsel of record was present. Thus, factually this case resembles a post-answer default judgment.

■ Because the appellant filed a verified denial in response to appellee's petition, the appellee was put to proof of its claim without the aid of the presumption arising from TEX.R.CIV.P. 185.[2] Appellant's failure to appear at trial is neither an abandonment of his answer nor an implied confession of any issue. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979); *Holberg v. Short*, 731 S.W.2d 584, 587 (Tex.App.—Houston [14th Dist.] 1987, no writ).

■ The essential elements of proof in a suit on a sworn account are (1) sale and delivery of merchandise or performance of services and (2) that the amount of the account is "just," which means the prices charged are pursuant to an express contract, or in the absence of a contract, that the charges are usual, customary, or reasonable. *Bluebonnet Express, Inc. v. Employers Insurance of Wausau*, 651 S.W.2d

1. Appellant alleges that neither he nor his counsel received proper notice of the trial. While we find it unnecessary to address this issue, we find it odd that appellee's counsel advised the trial judge that appellee believed that appellant was appearing pro se when the transcript reflects that appellant's counsel had been filing documents and appearing at hearings.

2. **RULE 185. SUIT ON ACCOUNT**
   When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim

for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party his agent or attorney taken before some officer authorized to administer oaths ... the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath.

345, 353–354 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

The evidence as to the sworn account consisted solely of the testimony of William B. Adair who testified as follows:

BY MR. BARNETT:

Q: Would you state your name for the record, please?

A: William B. Adair.

Q: Are you also known as Ben Adair?

A: Yes, sir.

Q: What's your occupation, Mr. Adair?

A: I'm an attorney at law, sir.

Q: Where are you employed?

A: Adair and Myers in Houston, Harris County, Texas.

Q: Did you have an agreement to represent Richard J. Thorp?

A: Yes, sir, I did.

Q: How did you bill Mr. Thorp?

A: I billed Mr. Thorp on time and cost basis for a written agreement.

MR. BARNETT: Your Honor, I'd like to have this marked Plaintiff's Exhibit A, please.

Q: Mr. Adair, I now hand you what's been marked Plaintiff's Exhibit No. 1. Do you recognize this?

A: I do, sir.

Q: What is it?

A: This is the systematic record of invoices and demand letters and statements issued by our law firm to Mr. Thorp.

Q: Is it a true and correct copy of the systematic statement of record keeping?

A: It is, sir.

Q: Does your business ordinarily keep such systematic record?

A: It does.

Q: Would someone with personal knowledge of the facts involved in these transactions have made the entries at or before the time the transactions occurred?

A: Yes, sir.

Q: What is the final amount that is due on this invoice?

A: $16,055.77.

Q: Have all judgments and lawful offsets to this bill been made?

A: Yes, sir.

Q: What action have you taken to attempt to collect this, Mr. Adair?

A: I have written on at least two occasions a demand letter for the outstanding invoice payment and I have talked personally with Mr. Thorp attempting to reach an agreement on a method of payment in the amount of payment to no avail.

Q: Did you find it necessary to hire an attorney in this matter?

A: I did, sir.

Q: Did you hire the firm of James P. Barnett, Jr. and Associates to represent you in this matter?

A: I did, sir.

MR. BARNETT: We have no further questions of this witness.

■ While the appellee laid a very nice predicate for the introduction of a business record, it failed to prove the necessary elements for a sworn account action. Mr. Adair never testified that he or his law firm had actually *performed* any services for the appellant. He also failed to testify that the amount of the account was "just." He simply stated that Mr. Thorp was billed on a time and cost basis and that the total amount due was $16,055.77. The testimony given by Mr. Adair failed to comport with the proof required in a sworn account cause of action. The required information may very well have appeared in the invoices that were marked for identification, however, the documents were never formally introduced into evidence and thus are not before this court. Appellant's second point of error is sustained.

■ When a legal insufficiency or "no evidence" point of error is sustained, the reviewing court generally renders judgment in favor of the party bringing the point of error. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex.1986). But the case can be remanded when the interests of justice require a new trial for further development of the facts. *United States Fire Ins. Co. v. Carter*, 473 S.W.2d 2, 3 (Tex.1971). The interests of justice demand that we remand this case for further factual development because the appellant

was unable to develop any facts, as neither he nor his counsel was present, and the facts developed by the appellee are legally insufficient. Further, the record reflects that appellee refused to recognize appellant's counsel as a part of this lawsuit even though it is clear that said counsel was alive and part of the suit.

Sustaining appellant's second point of error is dispositive of this case. The judgment of the trial court is reversed and remanded for a new trial.