Affirmed and Memorandum Opinion filed August 12, 2003









Affirmed and Memorandum Opinion filed August 12, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00237-CV

____________

 

TEST MASTERS EDUCATIONAL SERVICES, INC.,
Appellant

 

V.

 

HOUSTON INDEPENDENT SCHOOL DISTRICT, WANDA ODOM, DR. JAMES
McSWAIN, JOHN DOE and JANE DOE, Appellees

 



 

On
Appeal from the 234th District Court

Harris County, Texas

Trial
Court Cause No. 01-34360

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Test Masters Educational Services, Inc., sued appellees, Houston Independent
School District (AHISD@), Wanda Odom, and Dr. James McSwain seeking recovery for its
claims of breach of contract, quantum meruit, and a suit on a sworn
account.  The trial court entered summary
judgment in favor of appellees based on their affirmative defenses of statutory
and professional immunity.  We affirm.








Factual and Procedural Background 

In September of 2000, Wanda Odom, a counselor at Lamar High
School (ALHS@),
contacted Test Masters regarding a course to help prepare LHS students to take
the Pre‑Scholastic Aptitude Test (APSAT@).  Thereafter, Ms. Odom
arranged a meeting between Test Masters and LHS=s principal, Dr. James McSwain. 
The parties agreed that Test Masters would provide six, 90-minute,
instructional sessions for LHS students at a special rate of $99 per
student.  The parties also agreed that
Test Masters would provide all the instructional materials and one instructor
for every fifty students.  LHS agreed to
reserve a classroom for each group of fifty students to facilitate the
instruction. 

            Some
234 students signed up for the sessions and LHS collected the necessary fees
from each student.  On the first day of
instruction, Test Masters sent only one instructor, and brought some
instructional materials, but not enough for every student.  LHS, at its own expense, copied additional
materials.  The first three sessions
lasted only 45 minutes instead of the 90 minutes allegedly promised.  After the third session, Dr. McSwain
cancelled the remaining sessions.  He
also asked Test Masters to send him an invoice for what it considered to be the
fair value of services provided during the first three days of instruction.

On
July 6, 2001, Test Masters brought suit against HISD for breach of contract,
quantum meruit, and a sworn account. 
HISD moved for summary judgment, alleging it could not be held liable
because it was not a party to the underlying contract.  Test Masters amended its petition on
September 6, 2001, and added Ms. Odom and Dr. McSwain as defendants.  Test Masters also added claims of negligent
misrepresentation and conversion against all the defendants.  HISD, along with Ms. Odom and Dr. McSwain,
filed another motion for summary judgment alleging defenses based on statutory
and professional immunity.  On December
13, 2001, the trial court granted both motions for summary judgment in favor of
appellees from which this appeal ensued. 








Standard of Review

A traditional motion for summary judgment is properly granted
when the movant establishes there are no genuine issues of material fact to be
decided and he is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991).  A defendant seeking
summary judgment on a particular claim must negate, as a matter of law, at
least one element of each of the plaintiff=s theories of recovery on that claim or plead and prove as a
matter of law each element of an affirmative defense.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).  If the
defendant establishes a right to summary judgment, the burden shifts to the
plaintiff to present evidence raising a material fact issue.  Id.

In
reviewing the granting of a summary judgment, we view the evidence in the light
most favorable to the non‑movant and make every reasonable inference and
resolve all doubts in favor of the non‑movant.  See Centeq Realty, 899 S.W.2d at
197.  When the trial court fails to
specify the basis for its decision in its summary judgment order, the judgment
must be affirmed if any of the theories presented in the motion will support
the summary judgment.  Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  

Contract

In
its first issue, Test Masters argues that fact issues exist as to whether it
entered a valid contract with HISD.  AThe doctrine of sovereign immunity,
unless waived, protects the State of Texas, its agencies, and its officials
from lawsuits for damages, absent the State=s consent to be sued.@ 
Foster v. Denton Indep. Sch. Dist., 73 S.W.3d 454, 459 (Tex. App.CFort Worth 2002, no pet.).  The state does not waive its immunity from
suit simply by entering into a contract. 
Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 408 (Tex. 1997).  Further, the Alaw is well settled in this state
that an independent school district is an agency of the state.@ 
Barr v. Bernhard, 562 S.W.2d 844, 846 (Tex. 1978). 








However, the Legislature may specifically waive immunity from
suit.  One such waiver is found in Tex. Educ. Code Ann. ' 11.151 (Vernon 1996), which provides
that the Atrustees of an independent school
district may acquire and hold real and personal property, sue and be sued,
and receive bequests and donations or other moneys or funds coming legally into
their hands.@ 
(Emphasis added).  Thus, Test
Masters can sue HISD for breach of contract. 


However,
before Test Masters can prevail on its suit for breach of contract, there must
be a valid contract.  AIt
is a well-established rule in Texas that where the Legislature has committed a
matter to a political subdivision of the state, that subdivision may act only
as a body corporate at a properly called meeting.@  Davis v. Duncanville
I.S.D., 701 S.W.2d 15, 17 (Tex.
App.CDallas
1985, writ dism=d w.o.j.).  Here, the
undisputed summary judgment evidence was that the board of trustees did not
approve or ratify the agreement with Test Masters.  

Instead,
Test Masters sought to make an agreement with Dr. McSwain even though he never
signed a contract.  Because HISD paid
Test Masters for its 1998 instructional services which were also negotiated
through the principal, Test Masters contends Dr. McSwain had apparent
authority, if not delegated authority, to contract on behalf of HISD.  However, HISD could act only through its
trustees.  AThe trustees as a body corporate have the exclusive
power and duty to govern and oversee the management of the public schools of
the district.@  Tex. Educ. Code Ann. ' 11.151(b) (Vernon 1996) (emphasis added).  Moreover, it is the board of trustees that is
entrusted with the authority to Acontract with a public or private entity
for . . . educational services for the district.@  








Further,
Apersons
or entities contracting with governmental units are charged by law with notice
of the limits of the authority of the governmental unit and are bound at their
peril to ascertain if the contemplated contract is properly authorized.@  Base-Seal, Inc. v. Jefferson County,
901 S.W.2d 783, 788 (Tex. App.CBeaumont 1995,
writ denied).  Statements or acts of
individuals, not acting corporately as a body, are ineffectual.  City of Bonham v. Southwest Sanitation,
Inc., 871 S.W.2d 765, 767 (Tex. App.CTexarkana 1994,
writ denied).  Thus, HISD was not bound
by the representations of Dr. McSwain and/or Ms. Odom.  Accordingly, Test Masters=
first issue is overruled.  

Quantum
Meruit

In its second
and third issues, Test Masters argues the trial court erred in granting summary
judgment on its quantum meruit claim because HISD received services and test
materials, and HISD failed to request summary judgment on this claim.  To prevail under quantum meruit, the
plaintiff must establish: A(1) valuable services and/or materials were furnished, (2) to
the party sought to be charged, (3) which were accepted by the party sought to
be charged, and (4) under such circumstances as reasonably notified
the recipient that the plaintiff, in performing, expected to be paid by the
recipient.@  Heldenfels Bros.,
Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex.
1992) (emphasis added).  HISD did, in
fact, request summary judgment on Test Masters= quantum meruit claim and presented evidence in support thereof
with the affidavit of Leonard Strum, the Chief Financial Officer for HISD.  Thus, the question is whether the trial court
properly granted summary judgment on the claim.

In his
affidavit, Mr. Strum stated he had no knowledge of any agreement between LHS
and Test Masters; he did not approve any such contract; no such contract was
ever presented to nor considered by the HISD board of trustees; no such
agreement was ever placed on the agenda for consideration by the HISD board of
trustees; and the board took no action on the agreement whatsoever.  Test Masters attempts to rebut this assertion
by offering proof that Strum signed two checks payable to Test Masters: one for
$2,730 on November 25, 1998, and one for $2,350 on November 27, 2001.  Neither check, however, relates to the
alleged contract at issue.  








Even
if HISD received some benefit from the classes, that alone is not enough to
support a quantum meruit claim.  Bashara
v. Baptist Mem=l Hosp. Sys., 685 S.W.2d
307, 310 (Tex. 1985) (holding that to have a claim under quantum meruit, a
party must show more than benefits received by the other party, but must also
show efforts were undertaken Afor the person sought to be charged@).  Because HISD did not know of the alleged
agreement, HISD could not possibly have received services or materials under
circumstances that reasonably put it on notice that by receiving such services
or materials Test Masters would look to it for payment.  See Heldenfels Bros., Inc., 832 S.W.2d
at 41.  Accordingly, Test Masters=
second and third issues are overruled.

Sworn
Account 

In
its fourth issue, Test Masters argues the trial court erred in granting summary
judgment to HISD on its sworn account claim because it provided three sessions,
plus some course materials, to LHS students. 
To prevail on a sworn account claim in the absence of an express
contract, a plaintiff must show: (1) there was a sale and delivery of the
merchandise or performance of the services; (2) the amount of the account is
just, that is, the prices are the usual, customary and reasonable charges for
the merchandise or services; and (3) the amount is unpaid.  Worley v. Butler, 809 S.W.2d
242, 245 (Tex. App.CCorpus Christi 1990, no writ). 

Even
if Test Masters had an otherwise valid claim on a sworn account, HISD filed a
verified denial.  AIt
is settled that a defendant=s verified denial of the correctness of a plaintiff=s
sworn account, in the form required by rule 185, destroys the evidentiary
effect of the itemized account and forces the plaintiff to put on proof of its
claim.@  United Bus. Machs. v. Entm=t
Mktg., Inc., 792 S.W.2d
262, 263 (Tex. App.CHouston [1st Dist.] 1990, no writ).  AA
plaintiff can properly recover summary judgment in such a case if it files
legal and competent summary judgment evidence establishing the validity of its
claim as a matter of law.@  Id. at 264.  Thus, the question is whether Test Masters
identified enough evidence to prove its claim. 









As
a plaintiff in a suit on a sworn account, Test Masters was required to prove:
(1) it provided services to HISD; (2) the amount of the account is Ajust,@
that is, the prices charged are pursuant to an express agreement, or in the
absence of an agreement, the charges are usual, customary, or reasonable; and (3)
the outstanding debt remains unpaid.  Powers
v. Adams, 2 S.W.3d 496, 499 (Tex. App.CHouston [14th Dist.]
1999, no pet.).  The evidence established
that Test Masters sent an invoice to Dr. McSwain, which detailed when it
provided services, the time expended, and the rate per student.  The invoice also indicated the amount
unpaid.  

However,
the invoice incorrectly details when and what services were provided.  The invoice identifies six days of sessions
held between October 10, 2000 and October 18, 2000.  Roger Israni, the president of Test Masters,
admitted he did not teach all six sessions (due to Dr. McSwain=s
cancellation of the agreement), but he nevertheless requested payment of
$23,166, i.e., $99 per student for 234 students, the full price of 6
sessions.  Because Test Masters failed to
establish that it actually performed services for all the sessions it charged
HISD, its evidence was insufficient to establish a sworn account action.  See Thorp v. Adair & Myers, 809 S.W.2d
308 (Tex. App.CHouston [14th Dist.] 1991, no writ) (finding law firm had insufficient evidence for
a sworn account claim when it failed to establish it actually performed the
services or that the amount was Ajust@).  Accordingly, Test
Masters=
fourth issue is overruled.  

Statutory
Immunity

In its fifth
issue, Test Masters argues Ms. Odom and Dr. McSwain are not entitled to
statutory immunity for breach of contract, negligent misrepresentation, and
conversion.  The Texas Education Code
provides that:  








(a)
A professional employee of a school district is not personally liable for any
act that is incident to or within the scope of duties of the employee=s
position of employment and that involves the exercise of judgment or discretion
by the employee, except in circumstances in which a professional employee uses
excessive force in the discipline of students or negligence resulting in bodily
injury to students.  

Tex. Educ. Code Ann. '
22.051(a) & (c) (Vernon 1996).  One
is entitled to summary judgment if he conclusively proves as a matter of law
that: (1) he is a professional employee; (2) his actions were incident to or
within the scope of his duties; (3) his duties involved the exercise of
judgment or discretion; and (4) he did not use excessive force or negligence in
disciplining a student.  See id.  

Under
HISD policy, counselors are available to students on a regular and emergency
basis to provide personal and academic guidance.  Ms. Odom, LHS=s counselor, initially contacted Test Masters.  She spoke with Mr. Irani briefly about the
PSAT courses, and set up a meeting for Mr. Irani to meet Dr. McSwain.  By doing that, Ms. Odom educated herself on
preparing students for the PSAT exam, which would improve her ability to
provide academic guidance to LHS students. 
As such, Ms. Odom=s act of contacting Test Masters was incident to the scope of
her duties, and clearly involved the exercise of her judgment or discretion,
which cloaks her with professional immunity. 
See Tex. Educ. Code Ann.
'
22.051(a) (Vernon 1996). 

The
school principal has the responsibility of individual school management, administration,
and educational leadership.  The primary
role of the principal is to ensure an effective instructional program for all
students under his jurisdiction.  By
meeting with Test Masters and setting up PSAT instructional sessions, Dr.
McSwain ensured LHS students received an effective instructional program.  As such, Dr. McSwain=s
act involved the exercise of his judgment or discretion, and thus, he is also
cloaked with professional immunity.  See
Tex. Educ. Code Ann. '
21.051(a) (Vernon 1996).  Accordingly,
Test Masters= fifth issue is overruled.








Discovery 

In its sixth issue, Test Masters contends the trial court erred
in prohibiting it from conducting discovery. 
We review the trial court=s actions allowing or denying discovery under an abuse of
discretion standard.  See TransAm.
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.
1991).  A trial court abuses its
discretion when it acts in an unreasonable and arbitrary manner, without
reference to guiding rules or principles. 
See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241B42
(Tex. 1985).  Under Rule 166a(b), a
defendant may, at any time, move for summary judgment in his favor.  Tex.
R. Civ. P. 166a(b) (emphasis added). 
Alternatively, a defendant may move for a Ano-evidence@ summary judgment only after an adequate time for
discovery.  Tex. R. Civ. P. 166a(i). 


Here,
both motions for summary judgment filed by appellees were traditional motions
asserting affirmative defenses, rather than no-evidence motions for summary
judgment.  Thus, Test Masters was not
afforded the same allowance for discovery as with a no-evidence motion for
summary judgment.  See Tex. R. Civ. P. 166a (b) &
(i).  As such, the appellees could file
the traditional motions for summary judgment at any time, and the trial
court could rule in favor of appellees if Ano genuine issue@ of material fact existed. 
See Tex. R. Civ. P. 166a(b)
& (c).  








Test
Masters argues that discovery was needed to determine the parties=
contractual relationship which would include evidence of past course of dealing
between Test Masters and HISD, whether Ms. Odom and/or Dr. McSwain had
authority to act on behalf of HISD, and whether HISD ratified the alleged
contract at issue.  According to her
affidavit, Ms. Odom never entered any agreement and/or contract with Test Masters.  Dr. McSwain stated that he never had
permission to contract on behalf of HISD, and the board of trustees never
ratified any agreement with Test Masters. 
Because HISD was not bound by the representations of Dr. McSwain and/or
Ms. Odom, any additional evidence pertaining to whether HISD formed a contract
with Test Masters would be irrelevant.  See
City of Bonham, 871 S.W.2d at 767 (holding that statements of individuals, not acting
corporately as a body, are ineffectual). 
Accordingly, Test Masters= sixth issue is overruled.

The
judgment of the trial court is affirmed.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed August 12, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.