Reversed and Remanded and Memorandum Opinion filed May 5, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00691-CV

___________________

 

Horizon 2003, LLC and Midtown Park
Development, Ltd., Appellants

 

V.

 

JKC & Associates, Inc.,
Appellee



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause Nos. 40973 & 40886

 



 

 

MEMORANDUM OPINION

            Appellants challenge the trial court’s ruling granting
summary judgment in two suits on a sworn account. We reverse and remand because
the summary judgment evidence does not establish the elements of a sworn
account as a matter of law.

BACKGROUND

            JKC
& Associates, Inc. (“JKC”) operates a civil engineering firm in Dickinson,
Texas. In 2005, JKC contracted with Paul Tim Young, signing on behalf of Midtown
Park Development, Ltd. (“Midtown”), to perform a number of services on
Midtown’s 178-lot residential subdivision project. In 2006, JKC negotiated a
separate contract with Young, this time signing on behalf of Horizon 2003, LLC
(“Horizon”), to perform similar services on Horizon’s 59-lot subdivision.

            JKC
sued Young in two separate actions to collect payment for the engineering and
surveying services it provided in the Horizon and Midtown projects. JKC later
amended its petitions to dismiss Young from suit in his individual capacity. Horizon
and Midtown answered the allegations with sworn denials, each supported by
affidavit. They also asserted a number of affirmative defenses, including
estoppel, failure of consideration, prior breach of contract, failure to
satisfy a condition, release, and waiver. JKC subsequently filed two
traditional motions for summary judgment and two no-evidence motions drafted in
response to the affirmative defenses. After consolidating the causes of action
into a single case, the trial court granted JKC’s traditional motions for
summary judgment and denied its no-evidence motions.

            Horizon
and Midtown raise five issues on appeal. In their first issue, they contend
that JKC failed to establish that it was entitled to judgment as a matter of
law in its suits on a sworn account. Because this issue is dispositive, we do
not consider the remaining four.

STANDARD OF REVIEW

            We
review a trial court’s summary judgment de novo. Ferguson v. Bldg. Materials
Corp. of Am., 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing Tex.
Mun. Power Agency v. Pub. Util. Comm’n of Tex., 253 S.W.3d 184, 192 (Tex.
2007)). In a traditional motion for summary judgment, the movant bears the
burden of showing that no genuine issue of material fact exists and that it is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009). We consider the summary judgment record in the light most
favorable to the nonmovant, indulging every reasonable inference and resolving
any doubts against the movant. See City of Keller v. Wilson, 168 S.W.3d
802, 823 (Tex. 2005). We must affirm the summary judgment if any of the
movant’s theories presented to the trial court and preserved for appellate
review are meritorious. Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 216 (Tex. 2003).

ANALYSIS

            Under
Rule 185, a suit on a sworn account must contain a systematic record of the
goods sold or services rendered and be supported by an affidavit stating that
the “claim is, within the knowledge of affiant, just and true, that it is due,
and that all just and lawful offsets, payments and credits have been allowed.”
Tex. R. Civ. P. 185. A petition that complies with the Rule establishes a prima
facie case entitling the plaintiff to summary judgment. See Whiteside v.
Ford Motor Credit Co., 220 S.W.3d 191, 194 (Tex. App.—Dallas 2007, no
pet.); Powers v. Adams, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th
Dist.] 1999, no pet.). If the sworn petition contains any deficiency, however,
the account will not constitute prima facie evidence of the debt. Panditi v.
Apostle, 180 S.W.3d 924, 927 (Tex. App.—Dallas 2006, no pet.).

            A
party resisting a claim on a sworn account must submit a sworn denial supported
by affidavit. Tex. R. Civ. P. 93(10). The filing of a sworn denial destroys the
evidentiary effect of the itemized account, requiring the plaintiff to produce
proof of the claim. Rizk v. Fin. Guardian Ins. Agency, Inc., 584 S.W.2d
860, 862 (Tex. 1979); Thorp v. Adair & Myers, 809 S.W.2d 306, 307
(Tex. App.—Houston [14th Dist.] 1991, no writ).

            In
its original and amended petitions, JKC purported to attach “Exhibit A,” which
was described as a statement of the accounts. The record does not reflect that
the exhibit was ever included. Attached at the end of the pleadings was a
“Verification for Suit on Sworn Account,” which also referenced “Exhibit A.” In
the “Verification,” the president of JKC averred that the account was just and
true, that it was due, and that all lawful offsets, payments, and credits had
been allowed. Because Horizon and Midtown filed sworn denials, any evidentiary
effect that JKC’s petitions may have had was lost. See Tex. R. Civ. P.
93(10). We therefore consider whether JKC submitted competent summary judgment
evidence to substantiate its claims.

            To
support its motion for summary judgment, JKC attached copies of
(1) Horizon’s articles of organization and Midtown’s certificate of
limited partnership; (2) the engineering and surveying contracts with
Horizon and Midtown; (3) the invoices and demand letters submitted to Horizon
and Midtown; (4) excerpts from Young’s deposition; (5) Young’s answer
to JKC’s request for admissions; and (6) an affidavit for attorney’s fees.

            Based
on the excerpts provided, Young’s deposition testimony establishes only that he
was aware of the invoices and had yet to pay them. Young insisted that the
accounts were not yet due because, as he claimed, the parties had a preexisting
oral agreement that the accounts would only become payable when Young’s lender
disbursed the funds. In the request for admissions, Young specifically denied
that the accounts were due and that all just and lawful offsets to the account
had been applied.  

            Altogether,
the evidence merely establishes that amounts were charged to Horizon and
Midtown. The evidence does not include systematic, itemized records of the
accounts, nor does it contain competent testimony that the accounts were just
and that all credits had been afforded. The only “evidence” of these essential
elements was contained in the “Verification” of JKC’s petitions, where the
president of JKC recited his averments. However, the pleadings do not
constitute competent evidence, even if sworn or verified. See Laidlaw Waste
Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995); Quanaim
v. Frasco Rest. & Catering, 17 S.W.3d 30, 42 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).

As the movant below, JKC
carried the burden of showing that all elements of a sworn account had been
met. Without competent evidence, we conclude that JKC was not entitled to
summary judgment as a matter of law. We therefore reverse the trial court’s
judgment and remand for additional proceedings.

                                                                                                

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.