**Rik HOLBERG, Appellant,**

v.

**TEAL CONSTRUCTION COMPANY,
Appellee.**

**No. C14-93-00576-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 16, 1994.

Damon R. Capps, Larry Champion, Houston, for appellant.

Scott Douglas, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Rik Holberg appeals from a trial where the court entered judgment against himself and Simplex Corporation ("Simplex") for $48,054.90 in actual damages, $75,000 and $50,000 in punitive damages respectively, and for attorney's fees and prejudgment interest. Holberg asserts a single point of error challenging the legal and factual sufficiency of the evidence. We affirm.

Rik Holberg was president of Simplex Corporation. In 1987 and 1988 Teal Construction ("Teal") hired Simplex to perform electrical work on three projects. Written subcontracts were entered into and executed for all projects. The subcontracts required Simplex to purchase and furnish all materials and supplies necessary to complete the electrical work on the projects. Simplex obtained these supplies from Summers Electric ("Summers").

In April of 1988 Simplex had performed a substantial portion of the projects but had not paid Summers. Nonetheless, Rik Holberg either specifically told Teal's representatives that the supplies had been paid for, or that all three jobs were "going fine." The testimony conflicts on this point. What is clear, however, is that payment of suppliers is a key aspect in construction work. On May 25, 1988, Simplex submitted written certifications again misrepresenting that all suppliers had be paid in full on all three projects.

Shortly thereafter, Simplex notified Teal that it would cease its business operations at the close of business on Monday, June 6, 1988. Simplex advised all contractors that its subcontracts would need to be reassigned for completion of the projects. None of the three projects started by Simplex on behalf of Teal had been completed, but Teal had paid Simplex in full for the projects. Teal was forced to hire new subcontractors to complete the projects, and incurred additional costs of $2,300.

Summers initiated three lawsuits against Teal as contractor in three separate counties and filed liens on the subject properties. Teal paid $24,000 to Summers to settle the lawsuits, $1,100 to obtain a bond to remove the liens, and incurred attorney's fees in defense of the lawsuits.

At trial Teal sought recovery of these amounts and proved that it was entitled to recover from Holberg individually based upon fraud, negligent and grossly negligent misrepresentation, misappropriation of assets, and on a guaranty agreement. The court entered its judgment and Holberg appeals.

In his sole point of error, Holberg challenges the legal and factual sufficiency of the evidence. In determining the sufficiency of evidence under a "no evidence" point of error, this Court considers only the evidence and inferences tending to support the trial court's judgment and disregard all evidence and inferences to the contrary. *State v. $11,014.00 in U.S. Currency*, 820 S.W.2d 783, 784 (Tex.1991). A "no evidence" point must be sustained when (1) the record discloses a complete absence of vital fact, (2) rules of law or evidence bar the court from considering the only evidence offered to the prove a vital fact, (3) there is no more than a mere scintilla of evidence offered to prove a vital fact, or (4) the evidence offered established conclusively the opposite of the vital fact. *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 10 (Tex.1991).

When considering the factual sufficiency of the evidence, this Court must first consider, weigh, and examine all of the evidence which supports and which is contrary to the jury's determination. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We will set aside the verdict only if it is so against the great weight and preponderance of the evidence that it is manifestly unjust and clearly wrong, or if the evidence standing alone is too weak to support the finding. *Cain v. Bain*, 709 S.W.2d 175 (Tex.1986) *(per curiam)*.

Holberg argues that Teal is attempting to impose personal liability on him for the breach of a contract entered into by Simplex. He claims that the basis upon which Teal

**360**

seeks to pierce the corporate veil is his representation that the jobs were "going fine." Holberg contends that Teal has made no showing that he made any material and/or negligent misrepresentation of fact which would render him personally liable.

Holberg misapprehends the nature of this suit. Holberg is being sued individually for his own negligence and his own misrepresentations. It has long been the rule in Texas that corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation. *Guilbeau v. Anderson,* 841 S.W.2d 517, 519 (Tex.App.—Houston [14th Dist.] 1992, no writ). Thus, it remains for this court to determine whether the evidence supports the trial court's judgment.

Holberg first contends there is no evidence to support the trial court's judgment. Looking at the evidence that supports the judgment, we find Lewis Jordan, a representative of Teal, testified that Holberg specifically told him the suppliers had been paid. Thus, the record does not disclose a complete absence of this vital fact, nor do rules of law or evidence bar the court from considering this evidence offered to the prove what representation Holberg made. The testimony also does not disclose the exact opposite: that Holberg did not make this representation. Finally, the testimony is more than a mere scintilla of evidence offered to prove what Holberg told Jordan. Consequently, Holberg's challenge to the legal sufficiency of the evidence fails.

Rik Holberg testified that he only stated that the jobs were "going fine." Jordan testified that Holberg said the suppliers had been paid. Additionally, there is evidence that certifications misrepresenting that all suppliers had been paid were submitted by Simplex to Teal Construction. Finally, the evidence showed that payment of suppliers is a very important aspect of this kind of work. Clearly, the judgment is not so against the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong, or that standing alone it is too weak to support the finding. Therefore, Holberg's challenge to the factual sufficiency of the

evidence fails. We overrule appellant's sole point of error. We affirm the judgment.