**HYMAN FARM SERVICE, INC. and Harold Hyman, Appellants,**

v.

**EARTH OIL & GAS CO., INC., Appellee.**

No. 07–95–0003–CV.

Court of Appeals of Texas, Amarillo.

March 28, 1996.

McCleskey, Harriger, Brazill & Graf, L.L.P., Jim Hund, Sims, Kidd, Hubbert & Wilson, L.L.P., John C. Sims, Lubbock, for appellants.

Faddoul & Glasheen, P.C., Kevin Glasheen, Lubbock, Carrissa A. Cleavinger, Muleshoe, for appellee.

Before REYNOLDS, C.J., and DODSON and QUINN, JJ.

DODSON, Justice.

Hyman Farm Service, Inc. (Hyman Farm Service) and Harold Hyman (Hyman) appeal from a judgment awarding Earth Oil & Gas, Inc. (Earth Oil & Gas) $86,655.82, on its claims for damages stemming from Hyman Farm Service's failure to pay federal excise taxes on fuel purchased from Earth Oil & Gas. By ten points of error, appellants assert (1) the trial court erred in awarding judgment on the fraud theory because the cause of action, if any, sounds in contract, not in tort; (2) and (3) there is no evidence or alternatively factually insufficient evidence of fraud; (4) the trial court erred in awarding judgment against Hyman individually because the evidence conclusively establishes the transactions were between Hyman Farm Service and Earth Oil & Gas; (5) the trial court erred in denying appellants' motion to transfer venue; (6) and (7) there is no evidence or alternatively factually insufficient evidence that Hyman Farm Service agreed to pay the federal taxes; (8) the trial court erred in denying the motions for mistrial and new trial because the same ten jurors did not agree upon answers in the charge which formed the basis of the court's judgment; (9) the trial court erred in awarding punitive damages because the cause of action, if any, sounds only in contract; and (10) the trial court erred in awarding punitive damages against Hyman Farm Service because there is no finding that Hyman Farm Service committed a tort.

Because the trial court did not err in its venue determination, the record discloses some evidence of fraud, and the same ten

jurors did not agree upon answers to the questions in the court's charge which formed the basis of the court's judgment, we reverse and remand to Lamb County. As we also conclude there is no evidence of contract and no finding to support the imposition of punitive damages against Hyman Farm Service, we sever those claims and render corresponding take nothing judgments.

The record shows that Hyman Farm Service is a fertilizer business in Dimmitt, Texas, owned in part by Harold Hyman. The appellee, Earth Oil & Gas, located in Earth, Texas, and owned in part by Marvin Been, also sells fertilizer, as well as fuel and other agricultural supplies. In 1985–86, Earth Oil & Gas began buying fertilizer for resale from Hyman Farm Service, and during the following year, Hyman Farm Service began buying fuel from Earth Oil & Gas.

The parties' dispute centers around responsibility for, and nonpayment of, federal excise taxes on fuel for certain years in which they transacted business. Until March 31, 1988, those taxes were controlled by 26 U.S.C.A. § 4041, which contained an agricultural exemption for fuel used by certain farmers. In order to receive the benefit of the exemption, the producer (Earth Oil & Gas) was required to obtain an affidavit from the end user (Hyman Farm Service). Harold Hyman held a permit issued by the State which allowed Hyman Farm Service to buy diesel fuel free of state taxes, and Earth Oil & Gas obtained a copy of the state permit in compliance with the state exemption requirement. However, Earth Oil & Gas did not obtain the required federal exemption affidavit, but for disputed reasons, they did not bill for, and Hyman Farm Service did not pay, the federal taxes.

On March 31, 1988, Congress eliminated the federal exemption, and Earth Oil & Gas began billing, and receiving payment from Hyman Farm Service for the federal excise taxes. This billing pattern continued until January 1, 1989, when Congress reinstated the exemption, and Earth Oil & Gas ceased billing Hyman Farm Service for the taxes.

In 1992, the Internal Revenue Service (IRS) informed Earth Oil & Gas that it had to collect and pay unpaid federal excise taxes for fuel sold to Hyman Farm Service from January 1990, to December 1991. Marvin Been, and his brother Jerry, requested that Hyman Farm Service pay the taxes, but ultimately paid the tax bill after Harold Hyman could not obtain a loan and indicated he would not pay. After paying the IRS, Earth Oil & Gas filed suit against Hyman Farm Service and Harold Hyman in Castro County to recover amounts it had paid. Earth Oil & Gas claimed Hyman Farm Service had agreed to pay the federal excise taxes to the IRS, and asserted causes of action for breach of contract, fraud, and quantum meruit. Earth Oil & Gas subsequently nonsuited the case pending in Castro County and refiled in Lamb County, its place of business.

Hyman Farm Service and Harold Hyman filed a motion to transfer venue to their respective place of business and residence, Castro County. They asserted that no part of the cause of action accrued in Lamb County, Tex.Civ.Prac. & Rem.Code Ann. § 15.001 (Vernon 1986), and additionally that venue was conclusively fixed in Castro County by the first filing. The trial court denied the motion, and the case proceeded to trial. After a bifurcated trial (for exemplary damage claims), Earth Oil & Gas was awarded judgment on the verdict, and Hyman Farm Service and Harold Hyman appeal.

In addressing the points of error necessary for a proper disposition of this appeal, we begin with points one and nine in which appellants contend the trial court erred in awarding judgment and punitive damages based upon the fraud theory, because the cause of action, if any, sounds in contract, not in tort. These points are not properly before us.

■ Appellants have not preserved these points for review because the issue was not raised in their motion for instructed verdict, and none of the objections to either portion of the charge (liability/actual damage, or exemplary damage) comport with their assertion on appeal that the fraud issue should not have been submitted to the jury because the cause of action, if any, sounds in contract, not in tort. Tex.R.App.P. 52(a); *Rogers v. Stell*, 835 S.W.2d 100, 101 (Tex.1992). Conse-

quently, we overrule points one and nine without further discussion.

By point of error two, appellants contend the trial court erred in denying their motion for instructed verdict because there is no evidence that either of them was guilty of fraud in the purchase of fuel from Earth Oil & Gas. We disagree.

█ An instructed verdict is proper when no issue of fact is presented by the evidence, or where no verdict other than the one requested could properly be sustained. *Szczepanik v. First Southern Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994) (per curiam). We review the denial of an instructed verdict by a legal sufficiency or "no evidence" standard of review. *City of Alamo v. Montes*, 904 S.W.2d 727, 732 (Tex.App.—Corpus Christi 1995, no writ). In reviewing a legal insufficiency point, we examine the record by considering only the evidence and inferences favorable to the judgment, *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458 (Tex. 1992), and uphold the trial court's decision if there is more than a scintilla of supporting evidence. *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 83 (Tex.App.—El Paso 1992, no writ).

Appellants contend the record contains no evidence that Hyman made a false representation or that Earth Oil & Gas relied upon the alleged misrepresentation. They assert the trial court erred in submitting the following fraud question to the jury:

QUESTION 2

Did Harold Hyman commit fraud against Earth Oil & Gas, Inc.?

The jury was instructed that fraud occurs when: a party makes a material misrepresentation; the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion; the misrepresentation is made with the intention that it should be acted on by the other party, and; the other party acts in reliance on the misrepresentation and thereby suffers injury. It was also instructed that misrepresentation means a false statement of fact, or a promise of future performance made with an intent not to perform as promised.

█ At the outset, it must be noted that the Supreme Court has approved the above elements as constituting a fraud cause of action. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex.1992). Therefore, by application of the preceding substantive case law and standard of review, we conclude the testimony of Marvin Been as to his initial conversations with Hyman regarding Hyman's particular uses of the fuel, and method and payment of taxes, Marvin Been's testimony of his conversation with Hyman after the IRS declared the taxes owed, together with Jerry Been's testimony of his conversation with Hyman about paying the IRS, constitute some evidence of misrepresentation and reliance. The trial court did not err in submitting an issue on whether Harold Hyman committed fraud, and point two is overruled.

By point of error four, appellants contend the trial court erred in rendering judgment against Harold Hyman individually because the evidence conclusively establishes that the dealings which form the basis of the claims of Earth Oil & Gas were transactions with Hyman Farm Service. We disagree.

█ In addition to Hyman Farm Service, Harold Hyman was sued individually for his misrepresentations. Under longstanding Texas law, corporate agents can be held individually liable for fraudulent or tortious acts committed while working for a corporation. *Light v. Wilson*, 663 S.W.2d 813, 815 (Tex. 1983); *Holberg v. Teal Const. Co.*, 879 S.W.2d 358, 360 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Guilbeau v. Anderson*, 841 S.W.2d 517, 519 (Tex.App.—Houston [14th Dist.] 1992, no writ). Consequently, the trial court did not err in rendering judgment that Harold Hyman was individually liable for fraud. Point four is overruled.

In point of error five, appellants contend the trial court erred in denying their motion to transfer venue to Castro County because (1) no part of the cause of action accrued in Lamb County, and (2) venue was conclusively established in Castro County by the first filing. Again, we disagree.

Appellants' assertion that venue was conclusively established in Castro County is based upon an erroneous application of case law to the facts at hand. While it is true that once a venue determination has been made, that determination is conclusive if the party nonsuits and subsequently refiles the same cause of action against the same parties, *Hendrick Medical Center v. Howell,* 690 S.W.2d 42, 44 (Tex.App.—Dallas 1985, no writ), it is not true that merely filing a suit conclusively establishes venue. Appellants do not contend, and the record does not show, that a venue determination was ever made in the first suit filed in Castro County. Therefore, we conclude venue was not conclusively fixed by the first filing, and address the remaining assertion that no part of the cause of action accrued in Lamb County.

The venue provision relied upon by Earth Oil & Gas, provides that "all lawsuits shall be brought in the county in which all or part of the cause of action accrued or in the county of defendant's residence if the defendant is a natural person." Tex.Civ.Prac. & Rem.Code Ann. § 15.001 (Vernon 1986). If the entire record, including the trial record, discloses any probative evidence that venue was proper in Lamb County, we must uphold the trial court's determination. Tex.Civ.Prac. & Rem. Code Ann. § 15.064(b) (Vernon 1986); *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 758 (Tex. 1993).

Earth Oil & Gas asserted, among other causes of action, that Harold Hyman was guilty of fraud. When the claim is one involving fraud, venue may be sustained in the county where the words are heard by the person defrauded. *Harshberger v. Reliable–Aire, Inc.,* 619 S.W.2d 478, 482 (Tex.Civ. App.—Corpus Christi 1981, writ dism'd); *see also Miller v. Kendall,* 804 S.W.2d 933, 942 (Tex.App.—Houston [1st Dist.] 1990, no writ). In the instant case, Marvin Been was at his place of business in Lamb County when he contacted Harold Hyman and had the conversation in which he heard the misrepresentations. Because we discern, as stated in point of error two, that the record discloses some evidence of fraud, and those fraudulent misrepresentations were heard in

Lamb County, we conclude venue was proper in Lamb County. Point five is overruled.

By point of error six, appellants contend the trial court erred in denying their motion for instructed verdict because there is no evidence that Earth Oil & Gas and Hyman Farm Service agreed that Hyman Farm Service would pay the IRS for the taxes on fuel purchased from Earth Oil & Gas. As stated in point two, we will review the denial of the motion under a legal sufficiency standard of review, and uphold the judgment if there is more than a scintilla of supporting evidence.

The term "agreement" was undefined in the charge, but all parties have indicated, through their pleadings, objections to the charge, and arguments in the briefs, that the "agreement" issue in the charge inquired into whether a contract was formed. Therefore, we will address point six as being whether legally sufficient evidence exists that the parties formed a contract with respect to the payment of the federal taxes.

Hyman Farm Service and Hyman assert that no agreement was formed because the parties failed to agree on the essential terms, and never reached a mutual understanding. In discussing the tax situation with Hyman Farm Service, Marvin Been had the following exchange with his counsel:

\* \* \* \* \* \*

Q. What did Harold Hyman tell you about his exemption, whether he was exempt from the State or Federal Taxes?

A. He told me that he was exempt from taxes on diesel fuel. He never stated State tax or Federal tax. He said that he was exempt. After about two or three months, I had to ask him how he was handling the Federal tax. I knew that he was supposed to fill out fuel reports on the State tax, and I wondered how he was handling the Federal tax. And he told me they were handling it through the office. I don't know what office, I assumed the accountant's office.

\* \* \* \* \* \*

457

Q. ... did Harold Hyman buy fuel from you in 87 tax-free, and continue to?

A. Yes.

Q. Did you sell it to him based on his representation that he was tax exempt?

A. Yes.

\* \* \* \* \* \*

By this testimony, viewed in a light most favorable to the verdict, we can find the existence of a mutual understanding. Hyman said he would pay the taxes, and Been understood that Hyman would pay the taxes. However, for that understanding to be a valid contract, it must have contained the requisites for contractual formation: an offer, acceptance of that offer, and consideration. *Nickerson v. E.I.L. Instruments, Inc.,* 874 S.W.2d 936, 939 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Marvin Been's testimony, although evidence of a discussion as to the payment of the taxes, is no evidence that either party made an offer with respect to handling the taxes, or that any such offer was ever accepted. Point six is sustained.

 By point of error eight, appellants claim the trial court erred in denying their motion for mistrial and motion for new trial because the same ten jurors did not agree upon answers to the questions in the charge which form the basis of the court's judgment. They assert, pursuant to Texas Rule of Civil Procedure 292, that even in a bifurcated trial, the same ten members of the jury must agree "as to each and all answers made." Tex.R.Civ.P. 292. We agree.

We have never been squarely presented with this issue, and similar cases are sparse at best. However, this court is of the opinion that in light of Rules 174(b) and 292,[1] the concurrence of the same ten jurors is required in a bifurcated trial.

Rule 174(b) provides in relevant part, that a court may order a separate trial of any separate issue or claim in order to avoid prejudice. Likewise, the process of bifurcation exists to ensure that the jury does not consider the defendant's net worth in making the liability determination. *Transportation*

*Ins. Co. v. Moriel,* 879 S.W.2d 10, 29–30 (Tex.1994). The Corpus Christi Court of Appeals relied upon Rule 174(b) in stating, albeit in dicta, that a bifurcated trial encompasses "separate trials" which are full and final trials on the issues, and thus does not require the concurrence of the same ten jurors. *Greater Houston Transp. v. Zrubeck,* 850 S.W.2d 579, 587 (Tex.App.—Corpus Christi 1993, writ denied). We cannot agree.

The Supreme Court, in *Moriel,* stated that although it remained resolute that piecemeal trials should be avoided, punitive damage cases should be the exception to the rule. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d at 30, n. 29. In this regard, we recognize that piecemeal is defined as "one piece at a time; in pieces or fragments; or done, made or accomplished piece by piece, or in a fragmentary way." Webster's Ninth New Collegiate Dictionary (1988). Furthermore, the Supreme Court has explained that a severance and a separate trial are entirely different procedures.

A severance divides the lawsuit into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable. An order for a separate trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided.

*Hall v. City of Austin,* 450 S.W.2d 836, 837–38 (Tex.1970).

 We conclude, then, that the Supreme Court in *Moriel* did not sanction a severance procedure which the Corpus Christi Court incorrectly defined as a separate trial. Rather, the Supreme Court intended to allow a true "separate trial"; such being one trial with separate parts, a piecemeal trial. Therefore, it is within this framework that we address appellants' assertion, that where

1. All references herein to Rules 174(b) and 292 are to the Texas Rules of Civil Procedure.

one juror fails to sign the initial verdict, and yet is one of the ten to sign and agree to the verdict on punitive damages, the final verdict is not in compliance with Rule 292.

Rule 292 states, "A verdict may be rendered in any *cause* by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve . . ." (emphasis added). This language has also been held to be a mandatory requirement that "the same ten jurors must answer each and all of the issues upon which the court bases its judgment. . . ." *McCauley v. Charter Oak Fire Ins. Co.*, 660 S.W.2d 863, 866 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

We believe the requirement of a concurrence of jurors in any *cause* encompasses the entirety of a cause of action, whether tried in one trial or tried in separate trials. Because a finding of punitive damages in a bifurcated trial is of no consequence standing alone, and must be predicated upon a cause of action, it likewise is also subject to the stricture of Rule 292. Consequently, the judgment rendered in this case was based upon a defective verdict, and cannot stand. Point eight is sustained.

■ By point of error ten, appellants assert the trial court erred in awarding punitive damages against Hyman Farm Service because there is no finding by the jury that Hyman Farm Service committed a tort, and absent such a finding, there is no legal basis for the award. We agree.

■ In order to recover exemplary damages against a corporation for the acts of an agent, the plaintiff must plead, prove, and obtain findings that (1) the corporation authorized the tortious act, (2) it recklessly employed an unfit person who committed the act, (3) it ratified or approved the act, or (4) the employee was employed in a managerial capacity or was a vice principal of the corporation, and was acting within the scope of his employment. *Browning–Ferris Industries, Inc. v. Lieck*, 845 S.W.2d 926, 945 (Tex. App.—Corpus Christi 1992), *rev'd on other grounds*, 881 S.W.2d 288 (Tex.1994). *Missouri Pacific R. Co. v. Lemon*, 861 S.W.2d 501, 517 (Tex.App.—Houston [14th Dist.] 1993, writ dism'd).

In the liability/actual damage portion of the charge, the fraud issue answered by the jury only asked whether Harold Hyman was guilty of fraud. No mention was made of Hyman Farm Service. Although the exemplary damage portion of the charge asked the jury to assess damages, if any, against both Harold Hyman and Hyman Farm Service, no issue was submitted upon which the jury could find any of the four alternative predicates for corporate liability. Consequently, no finding exists upon which Hyman Farm Service may be held liable for punitive damages. Point ten is sustained.

As our disposition of the above points of error requires that we reverse and remand the case for a new trial, we deem unnecessary a discussion of the remaining factual sufficiency contentions. Tex.R.App.P. 90(a).

Accordingly, we sever the claim for breach of contract as to all parties, and for exemplary damages with respect only to Hyman Farm Service, and render judgment that Earth Oil & Gas take nothing on those claims. We reverse the remainder of the trial court's judgment and remand the cause to Lamb County for a new trial on the issue of fraud, and if applicable, exemplary damages with respect to Harold Hyman individually.