[COMMENT1] 

 

 

 

 

                                                    

COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO. 2-06-071-CV

 

 

IN RE BEN E. KEITH
COMPANY, INC.                                         RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

OPINION

 

------------








Underlying this
original proceeding are multiple consolidated lawsuits arising from the sale of
spoiled chili.  Thirteen plaintiffs, who
all allegedly suffered food poisoning after eating the spoiled chili, sued the chili
manufacturer (real party in interest First Original Texas Chili Co.),
distributor (relator Ben E. Keith), and salvage grocer (real
party in interest Town Talk Foods, Inc.). 
Texas Chili and Town Talk have each asserted cross-claims against Ben E.
Keith; Ben E. Keith, in turn, has brought cross-claims against Texas Chili and
Town Talk for contribution as well as a claim for tortious interference with
business against Texas Chili.  All
plaintiffs settled or nonsuited their claims against Texas Chili and Town Talk,
and four plaintiffs settled with Ben E. Keith.[1]  These four Asettling@
plaintiffs intervened back into the lawsuit, asserting new claims against Ben
E. Keith for fraudulent inducement of their settlements.  

Ben E.
Keith instituted this original proceeding seeking mandamus relief
from the trial court=s denial of its motions to sever and from
the trial court=s refusal to allow discovery of Texas
Chili=s insurance
adjuster=s file.  Subsequently, the trial court entered an
order bifurcating Aall issues concerning fraud and settlement@ into a second
phase of the trial.  We conditionally
grant the writ and order severance of Texas Chili=s defamation,
tortious interference with business relations, and business disparagement
claims only.  In all other respects, we
deny Ben E. Keith=s petition for writ of mandamus.

I.  DISCOVERY








Mandamus
will issue to correct a discovery order if the order constitutes a clear abuse
of discretion and there is no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding); In re Colonial Pipeline Co., 968 S.W.2d
938, 941 (Tex. 1998) (orig. proceeding). 
Texas Chili asserted attorney-client and work-product privileges in
response to Ben E. Keith=s requests to depose Texas Chili=s
insurance adjuster and discover its claim file, and the trial court denied this
requested discovery.  Ben E. Keith claims
that Texas Chili has waived these privileges through offensive use; that is,
Texas Chili cannot seek recovery of the settlement amounts it paid while
simultaneously denying discovery of the insurer=s file,
which will, according to Ben E. Keith, reveal the true factors motivating Texas
Chili=s
settlement decisions.








To
establish an offensive-use waiver of privilege, the party seeking discovery
must establish that (1) the party asserting the privilege is seeking
affirmative relief, (2) the privileged information sought would be
outcome-determinative of the cause of action asserted, and (3) disclosure of
the confidential communication is the only means by which the aggrieved party
may obtain the evidence.  Republic
Ins. Co. v. Davis, 856 S.W.2d 158, 163 (Tex. 1993) (orig. proceeding).  Without deciding whether Ben E. Keith has
established the first two elements of the offensive-use waiver, we conclude
that Ben E. Keith has failed to establish the third element, that deposing the
insurance adjuster and reading his file are the only means for discovering
Texas Chili=s reasons for settling the
personal injury lawsuits.  Ben E. Keith
does not point to any evidence in the record supporting its assertions that the
insurance adjuster and claim file are the only sources for this information and
that the adjuster has unique personal knowledge about the litigation and
settlement decisions.  Neither does Ben
E. Keith provide any record evidence supporting its argument that Texas Chili waived
the privileges pertaining to the claim file because it allowed its attorney to
testify about its reasons for settlement. 
Therefore, the trial court did not abuse its discretion by finding that
the privileges were not waived.[2]  See Nat=l Liab.
& Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000)
(stating that a trial court=s
rulings in admitting or excluding evidence are reviewable under an abuse of
discretion standard).  Because Ben E. Keith
has shown no clear abuse of discretion with regard to the trial court=s discovery
ruling, we deny mandamus relief as to this issue.[3]

 

 








II.  SEVERANCE

The trial court
denied each of Ben E. Keith=s three
motions to sever, in which Ben E. Keith requested severance from the
consolidated lawsuit of the settling plaintiffs=
fraudulent inducement claims, Town Talk=s
cross-claims against Ben E. Keith,[4]
and Texas Chili=s cross-claims against Ben E.
Keith.[5]  However, the trial court subsequently issued
an AOrder
Regarding Bifurcation of Trial,@
specifying that one jury will hear the entire case but Aall
issues concerning fraud and settlement@ will be
bifurcated into a second phase of trial:

Specifically, all issues
dealing with claims of fraud and any issues dealing with or related to any
settlements including [the settling plaintiffs=], Texas Original Chili=s and Town Talk Foods= claims thereon, will be
excluded from the jury until after there has been a verdict on what has been
described as the Apersonal injury@ claims.

 








Rule
174(b) of the Texas Rules of Civil Procedure authorizes bifurcated trials.  Tex.
R. Civ. P. 174(b) (AThe
court in furtherance of convenience or to avoid prejudice may order a separate
trial of any claim, cross‑claim, counterclaim, or third‑party
claim, or of any separate issue or of any number of claims, cross‑claims,
counterclaims, third‑party claims, or issues.@); Hyman
Farm Serv., Inc. v. Earth Oil & Gas Co., 920 S.W.2d 452, 457 (Tex. App.CAmarillo
1996, no writ) (recognizing that rule 174(b)=s
separate trial provision contemplates Aone
trial with separate parts@) (citing Transportation Ins.
Co. v. Moriel, 879 S.W.2d 10, 30 n.29 (Tex. 1994)).  A separate trial and a severance, however,
are two different procedures:

A severance divides the lawsuit into two or more separate and
independent causes.  When this has been
done, a judgment which disposes of all parties and issues in one of the severed
causes is final and appealable.  An order
for a separate trial leaves the lawsuit intact but enables the court to hear
and determine one or more issues without trying all controverted issues at the same
hearing.  The order entered at the conclusion
of a separate trial is often interlocutory, because no final and appealable
judgment can properly be rendered until all of the controlling issues have been
tried and decided.

Hall v.
City of Austin, 450 S.W.2d 836, 837‑38 (Tex. 1970).  








We
review the trial court=s decision to deny Ben E. Keith=s
motions to sever for an abuse of discretion. 
See Liberty Nat=l Fire
Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).  First, we examine whether each claim is one
that is appropriate for severance.  See
Guar. Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex.
1990) (op. on reh=g); see also Tex. R. Civ. P. 41 (providing that Aactions
which have been improperly joined may be severed . . . on such terms as are
just.  Any claim against a party may be
severed and proceeded with separately.@).  If the claim is properly severable, we then
determine whether the trial court=s
refusal to order a severance amounts to an abuse of discretion.  The trial court abuses its discretion if it
fails to order a severance A[w]hen
all of the facts and circumstances of the case unquestionably require a
separate trial to prevent manifest injustice, and there is no fact or
circumstance supporting or tending to support a contrary conclusion, and the
legal rights of the parties will not be prejudiced thereby.@  Womack v. Berry, 156 Tex. 44, 291
S.W.2d 677, 682-83 (1956) (orig. proceeding) (emphasis added). 

A.     Bifurcated cross-claims








According
to the terms of the bifurcation order, which bifurcates all issues concerning
fraud and settlement into a second phase of trial, the following claims will
not be tried in the first phase with the personal injury plaintiffs= case
but will instead be presented to the jury during the second phase of trial: (1)
the settling plaintiffs= fraudulent inducement claims;
(2) Town Talk=s cross-claims of indemnity[6]
and fraud, fraudulent concealment, and misrepresentation (together, ATown
Talk=s fraud
claims@); and
(3) Texas Chili=s cross-claims of fraud,
misrepresentation, and equitable estoppel (together, ATexas
Chili=s fraud
claims@).  Assuming, without deciding, that these claims
are properly severable, we turn to the question of whether the circumstances of
this lawsuit unquestionably require severance of these claims, as opposed to
bifurcation.  If they do, then the trial
court=s
refusal to grant a severance as to these claims will constitute an abuse of
discretion.  See id.

Ben E.
Keith argues that, without severance, it will face prejudice because all other
parties in the lawsuit are aligned against it in a AMary
Carter@-like
situation, creating a Asham of adversity@ between
the plaintiffs and Ben E. Keith=s
co-defendants.  But the Asham of
adversity@ caused by Mary Carter
agreements arises when, due to the settling defendant=s
financial stake in the plaintiff=s
recovery, Athese parties are actually
allied for the purpose of securing a substantial judgment for the plaintiff
and, in some cases, exoneration for the settling defendant.@  Elbaor v. Smith, 845 S.W.2d 240, 249
(Tex. 1992) (quoting June F. Entman, Mary Carter Agreements: An Assessment
of Attempted Solutions, 38 U. Fla.
L. Rev. 521, 574 (1986)). 








Here,
neither Town Talk nor Texas Chili has a financial stake in or an incentive to
maximize any plaintiff=s recovery; instead, each has an
incentive to maximize its own recovery on its cross-claims against Ben E.
Keith.  The success of Town Talk=s and
Texas Chili=s cases does not entirely depend
upon a win for the plaintiffs against Ben E. Keith.  For example, one of the theories of fraud
advanced by both Town Talk and Texas Chili is that Ben E. Keith withheld
information from governmental officials when the state and federal governments
conducted an investigation into the botulism outbreak. Accordingly, if proven,
the jury could find that Ben E. Keith committed fraud in the governmental investigation
even if it does not ultimately hold Ben E. Keith liable for the plaintiffs=
food-poisoning injuries.  And even if
prosecution of Town Talk=s and Texas Chili=s
cross-claims results in a de facto Aalignment@ with
the plaintiffs against Ben E. Keith, A[t]here
is nothing wrong with one defendant siding with the plaintiff against another
defendant; the one defendant may believe the other to be liable.  The vice is not in the unusual alignment of
the parties, but in the financial incentives that encourage the alignment.@  Mallios v. Baker, 11 S.W.3d 157, 160
(Tex. 2000) (Hecht, J., concurring). 
Accordingly, we find no Asham of
adversity@ that warrants severance.








Ben E.
Keith complains that the trial court abused its discretion because Ben E. Keith
has found no previous instance in which a court has bifurcated a trial in this
manner.  However, the mere absence of
reported precedent does not automatically render the trial court=s
bifurcation order an abuse of discretion; rather, to prevail, Ben E. Keith must
show that the trial court acted arbitrarily and unreasonably, with no regard to
any guiding rules or principles.  See
Downer, 701 S.W.2d at 241-42.  Here,
the guiding rules or principles underlying the trial court=s
actions are found in the Texas Rules of Civil Procedure, which authorize the
trial court, in its discretion, to order a bifurcated trial.  See Tex.
R. Civ. P. 174(b). 

Ben E.
Keith also argues that the trial court=s
bifurcation order is insufficient to cure potential prejudice because it is
vague and it does not specify how the judge will conduct the bifurcated
trial.  However, Ben E. Keith does not
show that it will unquestionably suffer manifest injustice if the bifurcated
trial goes forward as ordered or that the trial court=s bifurcation
plan will automatically result in a trial that is unfair to Ben E. Keith.  On the contrary, the trial court=s
bifurcation order constitutes an act that is well within the discretion of the
trial court and is one that adequately remedies any prejudice that Ben E. Keith
would face in defending itself against the personal injury claims at the same
time as Town Talk=s and Texas Chili=s
cross-claims.  Accordingly, we hold that
the trial court did not abuse its discretion by bifurcating, rather than
severing, the settling plaintiffs=
fraudulent inducement claims, Town Talk=s
indemnity and fraud claims, and Texas Chili=s fraud
claims into a second phase of trial.  See
Womack, 291 S.W.2d at 682-83.

B.     Non-bifurcated cross-claims








Also
under the terms of the trial court=s
bifurcation order, the following cross-claims remain with the plaintiffs=
personal injury claims to be presented in the first phase of trial: (1) Town
Talk=s DTPA,
negligence, and breach of warranty cross-claims and (2) Texas Chili=s breach
of contract, negligence, negligence per se, DTPA, conversion, Texas Theft
Liability Act, breach of warranties, defamation, tortious interference with
business relations, and business disparagement cross-claims.  To determine whether the trial court abused
its discretion by refusing to sever these claims, we shall first examine whether
they are properly severable and then, if they are, whether severance is
unquestionably required under the circumstances of this case.  See Guar. Fed. Sav. Bank, 793 S.W.2d
at 658; Womack, 291 S.W.2d at 682-83.








A claim
is properly severable if (1) the controversy involves more than one cause of
action, (2) the severed claim is one that would be the proper subject of a
lawsuit if independently asserted, and (3) the severed claim is not so
interwoven with the remaining action that they involve the same facts and
issues.  Guar. Fed. Sav. Bank, 793
S.W.2d at 658.  There is no real dispute
that the first two requirements are met in this case.[7]  Accordingly, our analysis will focus on whether
the claims challenged in each of Ben E. Keith=s
motions for severance are not so interwoven with the remaining action that they
involve the same facts and issues.  See
id.

1.     Non-severable claims:
Town Talk=s DTPA, negligence, and
breach of warranty cross-claims and Texas Chili=s breach of contract,
negligence, negligence per se, DTPA, conversion, Texas Theft Liability Act, and
breach of warranties claims

 

Both
Town Talk and Texas Chili generally allege that Ben E. Keith sold four tubs of
chili made by Texas Chili to a café, and a café employee told Ben E. Keith that
the chili smelled Areally bad@ and
returned the chili to Ben E. Keith. Ben E. Keith then told Texas Chili that the
four tubs were Aunsaleable@ and
received a refund from Texas Chili plus a fee to destroy the chili.  Instead of destroying the chili, however, Ben
E. Keith subsequently sold the chili to Town Talk without divulging the report
of a Areally
bad@ odor to
either party.  Town Talk then sold this
chili to the plaintiffs, who ate the chili and subsequently suffered botulism
poisoning.  








Based on
the above allegations, Town Talk asserts that Ben E. Keith violated the DTPA,
acted negligently, and breached express and implied warranties by selling
spoiled chili to Town Talk.  Texas Chili,
for its part, asserts that Ben E. Keith violated the DTPA, acted negligently,
and breached express and implied warranties by failing to Akeep the
returned chili out of the stream of commerce@ and by
selling the returned chili to Town Talk. 
Texas Chili=s negligence per se claim is
based upon Ben E. Keith=s failure to keep
statutorily-required distribution records showing the chili=s Amovement
in commerce.@ Texas Chili also contends that
Ben E. Keith breached its contract with Texas Chili because the terms of the
contract required Ben E. Keith to either destroy the returned chili or notify
Texas Chili to inspect the product and issue a refundCnot to
resell the chili to a salvage grocer without Texas Chili=s
knowledge.  Finally, Texas Chili claims
that it bought the chili back from Ben E. Keith by issuing a refund and paying
Ben E. Keith to destroy the chili; therefore, when Ben E. Keith sold the chili
to Town Talk, Ben E. Keith wrongfully converted Texas Chili=s
property and violated the Texas Theft Liability Act. 








In response to these
claims, Ben E. Keith has pleaded an affirmative defense of intervening and
superceding acts, asserting that the negligent acts of third parties over which
Ben E. Keith had no control were the sole cause of injury and that the
condition of the chili was substantially changed after Ben E. Keith sold it to
Town Talk.  Because Ben E. Keith is
assigning responsibility for the injury to other parties involved in the distribution
chain, evidence of each party=s dealings with the chili from the time of
manufacture to consumptionCas well as each party=s knowledge of the
circumstances as the events unfoldedCis relevant to the personal injury actions as
well as to Town Talk=s DTPA, negligence, and
breach of warranty cross-claims and to Texas Chili=s breach of contract,
negligence, negligence per se, DTPA, conversion, Texas Theft Liability Act, and
breach of warranties claims. 
Accordingly, we conclude that all these claims involve the same facts
and issues, so they are not properly severable. 
Because they are not properly severable, the trial court did not abuse
its discretion by denying Ben E. Keith=s motions to sever these claims.  See Guar. Fed. Sav. Bank, 793 S.W.2d
at 658.         

 

2.     Severable claims: Texas
Chili=s defamation, tortious
interference with business relations, and business disparagement claims

 

Texas
Chili bases its claims of defamation, tortious interference with business
relations, and business disparagement (collectively, the Abusiness
tort claims@) on comments allegedly made by
Ben E. Keith such as, ATexas Chili had product
liabilities that it could not cover and Texas Chili had gone out of business.@  Texas Chili acknowledges that these claims
relate to statements made by Ben E. Keith during litigation, after Texas Chili
had moved for sanctions against Ben E. Keith for withholding discovery.  Accordingly, the facts and issues involved in
these claims are separate and distinct from those surrounding the distribution
and consumption of the spoiled chili months earlier.  Because these business tort claims are not so
interwoven with the personal injury action that they involve the same facts and
issues, they are properly severable.  See
id.








Having
determined that these claims are properly severable, we next examine whether
the trial court abused its discretion by refusing to grant Ben E. Keith=s motion
to sever as to the business tort claims. 
As previously explained, for claims that are properly severable, the
trial court abuses its discretion if it fails to sever A[w]hen
all the facts and circumstances of the case unquestionably require a
separate trial to prevent manifest injustice, and there is no fact or
circumstance supporting or tending to support a contrary conclusion, and the
legal rights of the parties will not be prejudiced thereby.@  Womack, 291 S.W.2d at 683 (emphasis
added).  Mandamus is an appropriate
remedy A[i]f it
also appears that the injustice resulting from such refusal cannot later be
remedied on appeal.@ 
Id.; see also Liberty Nat=l, 927
S.W.2d at 630 (requiring relator to show that Athe
trial court could reasonably have reached only one decision@).  








This
case involves numerous claims, cross-claims, and intervening claims against and
among the three co-defendants.  Evidence
supporting Texas Chili=s business tort claims will be
factually and temporally distinct from the evidence relating to the plaintiffs= personal
injury claims, and it will serve only to confuse and prejudice the jury against
Ben E. Keith in its assignment of liability for the botulism poisoning.  The trial court=s
refusal to sever these claims from the lawsuit presents an opportunity for the
plaintiffs and Texas Chili to Abootstrap@ their
claims on each other=s evidence and creates a risk
that the jury will find against Ben E. Keith on the personal injury claims
based on evidence regarding the business tort claims, or out of reluctance to
find against Ben E. Keith with regard to the plaintiffs but not Texas
Chili.  Under these facts, the likelihood
of jury confusion and prejudice is high, and it would be impossible for an
appellate court to remedy the injustice that this confusion and prejudice would
inject into the trial.  Accordingly, we
hold that the trial court abused its discretion by failing to sever Texas Chili=s
business tort claims, and mandamus relief is appropriate as to these
claims.  See Womack, 291 S.W.2d at
683.

III.  CONCLUSION

In
summary, we hold that the trial court abused its discretion in a manner that
warrants mandamus relief by failing to grant Ben E. Keith=s motion
to sever Texas Chili=s cross-claims of defamation,
tortious interference with business relations, and business disparagement.  We conditionally grant Ben E. Keith=s
petition for writ of mandamus only to the extent that we order the trial court
to sever these claims in accordance with this opinion.  A writ will issue only if the court fails to
do so.  In all other respects, Ben E.
Keith=s
petition for writ of mandamus is denied.

 

BOB MCCOY

JUSTICE

 

PANEL A:
CAYCE, C.J.; WALKER and MCCOY, JJ.

WALKER,
J. filed a dissenting opinion.

DELIVERED: August 3, 2006











 
 
 
 
 
 
 




 

 

 

                                COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

                                        NO.
2-06-071-CV

 

IN RE BEN E. KEITH COMPANY,
INC.                                         RELATOR

 

                                              ------------

 

 

ORIGINAL PROCEEDING

 

------------

DISSENTING OPINION

                                              ------------

        I
respectfully dissent.  The principle is
well settled that appellate courts will not intervene to control incidental
trial court rulings when an adequate remedy by appeal exists.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding); In re Fort Worth Children's Hosp., 100
S.W.3d 582, 586-87 (Tex. App.CFort Worth 2003, orig.
proceeding [mand. dism=d]).  I fear that is exactly what the majority has
done here.








Ben E. Keith filed a petition for writ of mandamus claiming that
the trial court had abused its discretion by refusing to grant a severance of
certain claims.  But after Ben E. Keith
filed its petition for writ of mandamus, the trial court signed an AOrder Regarding Bifurcation
of Trial,@ which provided in part that Aone jury will hear all
issues, but certain issues will be dealt with in a second phase of trial.@  The trial court indicated that it intended to
enter another order before jury selection on various motions for sanctions and
that Atogether with this
bifurcation any prejudice to any party will be resolved.@  The trial court understood Ben E. Keith=s prejudice arguments,
entered a bifurcation order to address the arguments, and intended to enter an
additional order before jury selection. 
In other words, the trial court implemented a plan to deal with Ben E.
Keith=s complaints that it would be
prejudiced by a joint trial of all claims against it.  Thus, Ben E. Keith=s original petition for writ
of mandamusCfiled before the trial court
signed the bifurcation order and seeking a writ of mandamus compelling the
trial court to grant Ben E. Keith=s motion for severanceCbecame moot.  Accord In re Metropolitan Lloyds Ins. Co.
of Tex., No. 05-06-00023-CV, 2006 WL 279415, at *1 (Tex. App.CDallas Feb. 7, 2006, orig.
proceeding).  At that point, Ben E. Keith=s moot petition for writ of
mandamus should have been dismissed by this court.  Id. 













After its mandamus technically became moot, Ben E. Keith attempted
to shift gears and to interject complaints concerning the adequacy of the
bifurcation order and to seek mandamus relief from that order.  Specifically, Ben E. Keith raised arguments
in its replies to Texas Chili=s and Town Talk=s mandamus responses that the
bifurcation order is vague.  Ben E. Keith=s complaints that the
bifurcation order is vague were never made to the trial court, and, in any
event, entry of a bifurcation order is simply an act incidental to the trial
process.  Accord In re Castle Tex.
Prod. Ltd. P=ship, 189 S.W.3d 400, 403 (Tex.
App.CTyler 2006, orig. proceeding)
(recognizing that A[a]n allegedly erroneous
ruling such as setting a matter for trial or denying a motion for summary
judgment, no matter how it is titled, is an act that is >incidental to the normal
trial process= and is not subject to
correction by mandamus, because any error may be adequately reviewed on appeal@).  Mandamus will not issue to supervise or
correct a trial court's incidental rulings when there is an adequate remedy by
appeal.  In re Ford Motor Co., 988
S.W.2d 714, 725 (Tex. 1998) (orig. proceeding) (Baker, J. dissenting) (citing Canadian
Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 306 (Tex. 1994) (orig.
proceeding); Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684
(Tex. 1989) (orig. proceeding)).  Here,
Ben E. Keith has an adequate remedy at lawCan appealCif, in fact, it suffers
prejudice despite the bifurcated trial procedure ordered by the trial
court.  In re Ford Motor Co., 988
S.W.2d at 722‑23 (AAn appellate remedy is not
inadequate merely because it might involve more delay or cost than [obtaining a
writ of] mandamus@); see also Critchfield v.
Smith, 151 S.W.3d 225, 235 (Tex. App.CTyler 2004, pet. denied)
(appellant raised alleged bifurcation error in appeal); Jabri v. Alsayyed,
145 S.W.3d 660, 673 (Tex. App.CHouston [14th Dist.] 2004, no
pet.) (same); Tex. Capital Sec., Inc. v. Sandefer, 58 S.W.3d 760, 774
(Tex. App.CHouston [1st Dist.] 2001,
pet. denied) (same); Iley v. Hughes, 311 S.W.2d 648, 652 (Tex. 1958)
(orig. proceeding) (holding writ of mandamus would not issue to correct error
of trial court in granting separate trial of damage issues because error could
be corrected on appeal).  Because I
believe the majority has granted extraordinary relief simply to control an
incidental ruling of the trial courtCbifurcationCwhen Ben E. Keith possesses
an adequate remedy at law, I respectfully dissent.

 

 

 

SUE WALKER

JUSTICE

 

DELIVERED:  August 3, 2006











[1]These plaintiffs are Cheryl Lynne White, individually
and as next friend for Marcus Andre Brown, and Wanda Nubine, individually and
as next friend of John Johnson.





[2]On the record, the trial judge said that he was
denying Ben E. Keith=s discovery request because finding waiver of the
privilege would be Aillogical   . .
. when the reason you=re saying you would not have settled was due to the
conduct of the movant [i.e., Ben E. Keith=s failure to produce certain documents until after
Texas Chili had already settled with the plaintiffs].@  Ben E. Keith=s petition for writ of mandamus does not address this
comment but instead argues that Republic Insurance Co.=s
three-part test was satisfied. 
Regardless, an appellate court may uphold the trial court=s evidentiary ruling if
there is any legitimate basis in the record for the ruling.  See Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998).





[3]Based on this holding, we also deny the alternate
relief requested by Texas Chili of discovery of Ben E. Keith=s
insurance claims file and deposition of Ben E. Keith=s
insurance adjuster.  See Tex. R. App. P. 47.1.





[4]Town Talk asserted cross-claims of DTPA
violations, negligence, breach of warranty, indemnity, fraud, fraudulent
concealment, and misrepresentation against Ben E. Keith. 





[5]Texas Chili asserted cross-claims of breach of
contract, negligence, negligence per se, DTPA violations, conversion, Texas
Theft Liability Act violations, and breach of warranties; fraud,
misrepresentation, and equitable estoppel; and defamation, tortious
interference with business relations, and business disparagement against Ben E.
Keith.





[6]Town Talk=s indemnity claim involves issues of settlement
because it seeks recovery of all amounts paid by Town Talk to settle the
plaintiffs= claims.





[7]Texas Chili does argue that its claims against Ben E.
Keith are compulsory counterclaims and, thus, are not severable.  However, in determining whether a claim is
severable, we need not decide whether it is compulsory or permissive; rather,
we merely apply the criteria of Texas Rule of Civil Procedure 41 and Guaranty
Federal Savings Bank.  See
Trebesch v. Morris, 118 S.W.3d 822, 829 (Tex. App.CFort
Worth 2003, pet. denied).















 [COMMENT1]MAJORITY BY JUSTICE MCCOY AND
DISSENT BY JUSTICE WALKER